# CHARLESTON

### ANDERSON *v.* ANDERSON.

### Submitted March 4, 1914.   Decided April 14, 1914.

1. DIVORCE—*Foreign Decree—Binding Effect—Custody of Children.*

    A decree in a suit by a wife against her husband for a divorce and the custody of their young female children, pronounced by a court of general jurisdiction of a state other than this, having jurisdiction of the parties and both causes of action by process and pleading, awarding to the plaintiff the custody of the children and granting her a divorce, is valid and binding upon the parties in this state, in its award of custody of the children, even though so much of it as grants the divorce may be void and the children may have been beyond the jurisdiction of the court at the time of the rendition thereof. (p. 125).

2. HABEAS CORPUS—*Custody of Children—Equity Jurisdiction.*

    Though the father of a legitimate child is legally entitled to have the custody and care of it, under ordinary circumstances, a court of equity, in the exercise of its general jurisdiction and power to protect those who are unable to care for themselves, may deprive him thereof and place it in the care of the mother, when its welfare demands such action on account of the father's unfitness for the discharge of his parental duty. (p. 125).

    (LYNCH, JUDGE, absent.)

Error to Circuit Court, Harrison County.

Habeas corpus by Rhoda Anderson against Boyd Anderson and others. Judgment for plaintiff, and defendant named brings error.

*Affirmed.*

*Harvey W. Harmer* and *J. E. Law,* for plaintiff in error.

POFFENBARGER, JUDGE:

On this writ of error, the correctness of a judgment on a

writ of habeas corpus, awarding the custody of two female children of very tender ages to their mother as against their father, is brought in question.

The father and mother, residing for some years at Anderson, Madison County, Indiana, and having these two children, had been divorced and later re-married. Trouble again arose between them and the wife again sued for a divorce and service of process was had upon the husband before he left Indiana. He appeared and moved for a more specific statement of the ground of complaint and for the elimination of certain portions of the petition and then withdrew his appearance by leave of the court, and made no further defense, and a decree was entered granting a divorce and awarding the custody of the children to the plaintiff. In the meantime, or possibly before the suit was brought, he had gotten possession of the children and sent them to this state. Later he came here himself.

His return to the writ denied the validity of the decree on jurisdictional grounds, averring his residence in this state and lack of service of process upon him; the absence of the children from Indiana and their presence here during the divorce proceeding; lack of the required period of residence in Indiana on the part of the plaintiff; and failure to prove in the suit her bona fide residence there for the period of two years next previous to the filing of her petition, by two freeholders and householders. All of these grounds of defense except the first one were stricken out by the court and the first one failed for want of proof. In point of fact, the record of the divorce suit in the Superior Court of Madison County, Indiana, put in evidence to sustain the relator, showed service of the process.

The argument in support of the writ of error fails to note the distinction between jurisdiction to decree a divorce and jurisdiction to award the custody of the children. Though the divorce may be invalid for lack of residence of the plaintiff for the requisite statutory period and proof of the fact by competent witnesses, or may be voidable by appellate procedure, invalidity of the judgment awarding the custody of the children may not necessarily follow. Undoubtedly the court had jurisdiction of the parties to the cause and power

to make provision for the welfare of the children as between them, not only by way of final decree, but during the pendency of the suit, as well, under its general equity powers. After having shown the prima facie right of the father to have the custody of his minor children, Dr. Minor says, (Min-Inst., Vol. 1 p. 428), ''It is competent to a court of chancery, in pursuance of its general power to interpose for the benefit of such as are unable to·protect themselves, to deprive him of such custody and control for sufficient reasons'' and cites abundant authority to sustain the proposition. That the welfare of the child is the dominating consideration in the courts of Indiana as elsewhere and that the prima facie legal right of custody in the father will be set aside in equity, when the best interest of the child demand it, appears from the following decisions: *State ex rel.* v. *Banks,* 25 Ind. 495; *McGlennan* v. *Mergowski,* 90 Ind. 150; *Bryan* v. *Lyon,* 104 Ind. 227; *Brooke* v. *Logan,* 112 Ind. 183.

The plaintiff's petition sought two measures of relief, divorce and custody of the children, and charged unfitness of the father as their custodian, setting forth averments of fact, which, if true, rendered him unfit to have custody of them. He made no defense, though served with process. Likely a decree of divorce could not stand upon his mere default, but that statutory rule has no application to the averments upon which the other ground of relief stood, and there was no offer to show failure to establish them by proof independent of his default. Even though the Indiana court may have erred in awarding the custody of the children to the plaintiff, viewing the case from the standpoint of its merits, or respecting the procedure, there could have been no want of jurisdiction, no lack of power in the court to act, it being one of general jurisdiction, and having the parties and cause of action before it by process and pleadings. The jurisdiction of a court to render an erroneous decision is as full and complete as its jurisdiction to render a proper one. *Powhatan Coal & Coke Co.* v. *Ritz,* 60 W. Va. 395.

That the children may not have been within the jurisdiction of the court at the time of the institution of the suit or entry of the decree is immaterial, since the parties litigant were the father and mother and the cause of action, the right

of custody, in so far as it affected the children, was between them, and the court had full jurisdiction over them with power to render a personal decree. *Webb* v. *Ritter,* 60 W. Va. 193, 234.

Upon these principles and conclusions, the judgment will be affirmed.

*Affirmed.*