STREICHER v. STREICHER.

1. DIVORCE—DESERTION.
   In divorce proceedings by the husband, where the record shows that the wife, without justification, deserted him against his will, and persisted in such desertion for the statutory period, a case of wilful desertion is made out, entitling plaintiff to a decree.

2. SAME—ALIMONY—ALLOWANCE IN LIEU OF DOWER—NOMINAL SUM—STATUTES.
   Under section 11436, 3 Comp. Laws 1915, providing, when a decree of divorce is granted, for an allowance to the wife in lieu of dower in the property of the husband, *held*, that more than a nominal sum is called for, although the wife was guilty of the wrongdoing, but not a large amount where the parties lived together for only about six months, there is no child to be considered, and defendant in no way assisted in the accumulation of plaintiff's property. KUHN, J., dissenting.

Appeal from Wayne; Collingwood, J., presiding. Submitted June 14, 1918. (Docket No. 78.) Decided July 18, 1918.

Bill by August Streicher against Rachel Streicher for a divorce. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*William Look* (*Allen P. Cox*, of counsel), for plaintiff.

*Albert E. Sherman*, for defendant.

FELLOWS, J. Plaintiff and defendant were married June 10, 1914. On New Year's day following, defendant left the church where they were attending early mass, handing her husband the key to their home, and went to the home of her parents where

she has since remained. However, a few days later she wrote him a letter in which she complained of his conduct towards her but offered to return if he would "act like a husband ought to." Shortly thereafter he went to her parents' home to see her and then asked her to return to him. There is some conflict as to just what took place at this interview but it fairly appears that she refused to return to him unless he would be a different man. He insists, and it is undisputed, that he was and is a man of good habits, never drank or used tobacco and that he told her he could not make a different man of himself, and that he left her parents' home without any assurance from her that she would return. Later she came to get some of the household furniture which he refused to give up, and in March following she brought an action of replevin for the same. This bill, charging desertion, was filed February 27, 1917. Defendant, in her answer, sets up the conduct of her husband justifying, as she claims, her return to her parents and her refusal to live with plaintiff, but asks no affirmative relief. The testimony was taken in open court and the bill dismissed. Plaintiff appeals.

A careful consideration of this record satisfies us that there existed no such genuine affection on the part of either of these parties for the other as would prompt the overlooking of matters of difference that arose in the family. This husband appears to be willing to continue their matrimonial venture. The record discloses him to be a man of excellent habits, a good provider, and of an economical disposition; indeed, defendant insists that he was parsimonious. Defendant is a woman of exemplary character, prone to depend upon her mother and other relatives for advice. She properly discharged her household duties while living with plaintiff, but it is apparent that she was disappointed in the outcome of her marriage and .

magnified slight inattentions of her husband until she satisfied herself, with the aid of her family advisors, that she had just cause for leaving and remaining away from him. This record does not satisfy us that she was justified in such desertion and does satisfy us that it was against the will of the plaintiff. She has persisted in such desertion for the statutory period, and we are satisfied that she had not during that period, and has not now, any intention of resuming her marital relations with her husband. While admissions of counsel do not make out a case in divorce proceedings, it is significant that at the beginning of the case defendant's counsel frankly expressed the opinion "that a reconciliation is undoubtedly out of the question." We are satisfied from the whole record that plaintiff has made out a case of wilful desertion continued for the statutory period and is entitled to a decree of divorce.

Section 11436, 3 Comp. Laws 1915, provides:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest."

Upon the argument of the case it was most strenuously urged by counsel for plaintiff that we should allow only a nominal sum, sufficient to comply with the requirement of the section quoted, and no more. But we are impressed that the case calls for more than a nominal allowance; at the same time it is not a case calling for a large amount of alimony. The parties lived together but a little over six months. There is no child to be considered. Defendant in no way assisted plaintiff in the accumulation of his prop-

erty—all of it either came from his father or was earned by him before his marriage. He owned, when they were married, 10 acres of land worth $150 per acre, and had $800 in cash. Some of this cash has been used since the marriage. He also has a one-fifth interest in a valuable farm left by his father, which is subject to the life use of his mother. Taking everything into consideration, we conclude that the plaintiff should pay the defendant $700 within 60 days from the settlement of the decree, the same to be in lieu of dower or any interest in plaintiff's property; this sum to also include the amount allowed for attorney fee and costs in the court below. This sum to be a lien on plaintiff's land until paid.

It follows that the decree of the court below is reversed, and one will be here entered in conformity with this opinion. No costs in this court will be allowed to either party.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, and STONE, JJ., concurred with FELLOWS, J.

KUHN, J. As we find the defendant guilty of wrongdoing and give relief based thereon, I do not think substantial alimony should be awarded to her. A nominal award of $1 in my opinion is sufficient to satisfy the statute.