ROGERS *v.* ROGERS.

1. DIVORCE—DESERTION.
    On a bill for divorce by the husband on the grounds of desertion, where there was no failure or misconduct on the part of plaintiff shown, he was entitled to a decree.

2. SAME—ALIMONY—NOMINAL AMOUNT—MAINTENANCE OF CHILD.
    Where plaintiff at the time of the hearing had no property, and was employed at farm labor at $50 per month, while defendant was earning $105 per month, a decree making a nominal provision in lieu of dower, requiring plaintiff to pay defendant's taxable costs, including an attorney fee of $60, and directing the payment by plaintiff of $3 per week for the child until the further order of the court, the child having a good home with defendant's parents at a keeping charge of $3 per week, was equitable.

Appeal from Oceana; Vanderwerp (John), J. Submitted April 14, 1921. (Docket No. 91.) Decided June 6, 1921.

On the question of modification of decree of divorce because of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

Bill by Edward L. Rogers against Marjorie Rogers for a divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*F. E. Wetmore,* for plaintiff.

*Willard J. Turner,* for defendant.

CLARK, J. After marriage the parties lived with plaintiff's parents who owned a large farm and conducted a considerable farming enterprise, with, we think, an understanding that when the parties had shown capability in the farming enterprise the parents would retire from the business and thereafter reside at Montague where they owned a dwelling. Several months after the marriage defendant, having visited occasionally her parents who lived 40 miles distant, went to the home of her parents where she remained from June until September. Shortly after her return a child was born and in March following she left plaintiff, went again to the home of her parents where she has since resided, having the child and living apart from plaintiff. More than two years after such leaving the bill was filed seeking divorce for desertion.

Defendant answered. Plaintiff had decree. The mother was awarded the custody of the child. Defendant has appealed complaining of the divorce and of the award of alimony. At the farm home as against plaintiff's father no ill treatment is claimed. There was some slight unpleasantness between defendant and her mother-in-law caused by words and conduct of the latter which did not justify defendant's desertion of plaintiff. And to justify it no failure or misconduct on the part of plaintiff is shown. *Streicher* v. *Streicher,* 202 Mich. 588, is authority for sustaining the divorce.

The decree makes a nominal provision in lieu of

dower, requires the plaintiff to pay defendant's taxable costs, including an attorney fee of $60, and directs the payment by plaintiff for the child of $3 per week until the further order of the court.

At the time of the hearing plaintiff had no property. He was employed at farm labor, his wage being $50 per month. Defendant is a school teacher earning at the time of the hearing $105 per month. The child was then with defendant's parents, prosperous farmers having a good home, where the keeping charge was $3 per week. As the parties were then circumstanced the decree is equitable. In the event of a material change in conditions the decree may be modified upon petition to the circuit court.

Affirmed without costs.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.