## Sawyer v. Sawyer.

(Decided May 15, 1928.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Divorce.—Where husband earning $250 per month had no property, and owed about $1,100, and wife, besides life interest in cer-

tain property, owned other property worth $4,000, from all of which she received an annual income of $450, and with her infant daughter lived with her parents, who had sufficient income to maintain them during remainder of their lives, held that allowance of $110 monthly alimony to wife for maintenance of herself and daughter was excessive, and will be reduced to $90.

2. Divorce.—Though husband cannot escape his legal obligation to support wife and infant child merely because wife's parents are able to take care of her in whole or in part, fact that wife and child are living with her parents, and that she, by assisting her mother in her household duties, may pay in part for support of herself and child, or secure board at a lower rate may be taken into consideration in determining reasonable allowance.

JAMES W. GARRISON for appellant.

L. A. HICKMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Mrs. Louise Van Dyke Sawyer was granted a divorce from her husband, Charles A. Sawyer, given custody of their infant daughter, and awarded alimony and maintenance for their daughter in the sum of $110 a month. The husband has prayed an appeal.

We have carefully considered the evidence, and are of the opinion that it was sufficient to authorize the divorce and alimony. Therefore, the only question to be determined is whether the allowance is too large.

Mr. Sawyer's salary is $250 a month. He has no property, and owes about $1,100. On the other hand, Mrs. Sawyer owns $4,000 worth of building and loan stock, out of which she receives an income of $280 a year. She also has a life interest in a fund of $4,000, from which she receives an income of $170 a year, giving her a total income of $450 from her own property. She lives with her parents, who own their own home, and have an income sufficient to maintain them during the remainder of their lives. It is doubtless true that the husband, who is under a legal duty to support his wife and child, cannot escape this obligation merely because his wife's parents are able to take care of her in whole or in part. However, the fact that the wife and daughter are living with her parents, and that she, by assisting her mother in her household duties, may pay in part for the support of herself and child, or secure board at a lower rate than

she would have to pay some one else, may be taken into consideration in determining what is a reasonable allowance by the husband. Under the decree of the chancellor, the husband has only $140 a month out of which he must maintain himself, keep up his insurance and lodge dues, and pay off his indebtedness of $1,100. On the other hand, the wife, in addition to having considerable personal estate, will have an income of $147.50, which she may supplement by her own efforts either in her mother's home or elsewhere. Even if the amount of alimony and maintenance be decreased, it will take the husband a long time to discharge his indebtedness. Considering all the circumstances, we are inclined to the view that the allowance of $110.00 a month for the support and maintenance of the wife and child is too large, and that the chancellor should have fixed the allowance at $90 a month.

Wherefore the appeal is granted, and the judgment is reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.