ANDERSON, APPELLEE, *v.* MAY, APPELLANT.

(No. 696—Decided December 15, 1951.)

*Mr. J. M. MacDonald,* for appellee.
*Mr. F. W. Springer* and *Mr. Ralph Atkinson,* for appellant.

GRIFFITH, J.   The appellant here, Leona Anderson May, is seeking the reversal of the judgment of the Probate Court of Columbiana County, Ohio, entered on the 21st day of September 1951.   That court allowed a writ of habeas corpus ordering the three minor children of Leona Anderson May and Owen Anderson released to the custody of the father.

The habeas corpus proceeding is based upon a decree of a county court of Waukesha County, Wisconsin, wherein the custody and control of the children were awarded to the father, the petitioner in this case.   The appeal was filed on questions of law and fact, but it has been submitted to this court by counsel upon questions of law only, it appearing that the action is not a chancery case.

The following facts were stipulated:

"That the defendant, Leona Anderson May, is a native of the state of Wisconsin and that the plaintiff and defendant were married in the state of Wisconsin and were residents of and domiciled in that state up to the latter part of the month of December, 1946, at which time the defendant left the state of Wisconsin with the aforesaid children and came to the state of Ohio; that the said children which are the subject of

this action in habeas corpus, to wit: Ronald Anderson, Sandra Anderson, and James Anderson, were born in the state of Wisconsin and at all times resided in that state with their parents, plaintiff and defendant, up until the latter part of December, 1946, at which time the defendant brought them into the state of Ohio; that the plaintiff, Owen Anderson, at all times has been and is now a resident of and domiciled at Waukesha county in the state of Wisconsin.

"That said defendant, Leona Anderson May established a separate domicile in the state of Ohio the latter part of December, 1946, and has ever since that time been domiciled in Lisbon, Columbiana county, Ohio.

"That on February 5, 1947, the plaintiff herein was granted a divorce in the county court of Waukesha, state of Wisconsin. That at the time said divorce was granted, and at the time the petition for said divorce was filed, as well as at all other times in between, the defendant, Leona Anderson May, was in Lisbon, Columbiana county, Ohio, and had with her at all said times the three minor children aforesaid, Ronald Anderson, Sandra Anderson and James Anderson.

"That the only service made on the defendant in connection with said divorce proceedings, was that made by the sheriff of Columbiana county, Ohio, in which he personally handed the defendant a copy of the summons from Waukesha county, Wisconsin, and a copy of the divorce petition filed in the county court of said Waukesha county, Wisconsin. That the defendant never entered her appearance in the county court of Waukesha county, state of Wisconsin, and filed no waiver, answer or demurrer therein. That the plaintiff obtained a decree of divorce, which among other things, adjudged and decreed that the care, custody, management and education of the minor children of the parties was awarded to the plaintiff,

subject to the right of the defendant to visit said children at any and all reasonable times. That said decree was entered by default in the absence of any appearance by the defendant.

"That thereafter the plaintiff came to Lisbon, Columbiana county, Ohio, and, accompanied by a police officer of the village of Lisbon, Ohio, demanded and obtained the aforesaid minor children from the defendant. That the plaintiff has retained the custody of said minor children since February of 1947, having taken them back with him to Waukesha county, Wisconsin.

"That no further legal proceedings of record have been filed in said divorce case since the aforesaid divorce decree was entered.

"That on July 1, 1951, the plaintiff brought the aforesaid children with him on a visit to Columbiana county, Ohio, and voluntarily permitted the children to go on a visit for a limited period of time to their mother's, the defendant herein. That the mother, the said defendant, has refused to surrender said children to the plaintiff, and the plaintiff has filed this action to recover the possession and custody of said children."

Testimony of Mrs. May and Mr. Anderson was taken and, so far as the issues in this case are concerned, that is all the record that is pertinent to the solution of the instant problem. The conduct of the father and the mother of the children following the Probate Court's announcement of its decision, reprehensible as that conduct may be on the part of each, has no bearing on the decision of this case.

The testimony of the father and mother bears directly upon the conditions under which Mrs. May took the children from Wisconsin to Ohio.

Anderson testified as follows:

"A. I agreed that she could take them with her

after arguing the statement pro and con she could take them with her. And if her mind was made up, she could settle things at home. That was the understanding I had when she left.

"Q. Did she say she would bring the children back? A. She agreed to it when she left.

"Q. When you had this telephone conversation with her on New Year's Day, what was said? A. The only thing I can remember is, 'Owen, I'm not coming back.'"

"A. I called her up and asked her to bring the children back. I asked them all to come back."

Mrs. May testified that at the time she left Wisconsin the children's ages were eight years, five years, and 18 months.

"Q. What was the purpose in coming to Ohio? A. He told me to get away by myself to think it over or what I wanted to do. Either come back to live or separate.

"Q. When you left Wisconsin, what was said about the children? A. Nothing was said. He said it was up to the court. He said he would never separate the three of them.

"Q. Was there anything said about bringing the children back to Wisconsin? A. Nothing was said.

"Q. What was your understanding? A. To come here to think it over and I decided to stay.

"Q. What was your understanding about the children? A. There was no understanding. All I know was that I had them with me. When the papers were served I asked the attorneys what to do.

"Q. At the time you left Wisconsin, had you made up your mind that you would not come back to Wisconsin? A. At the time I left I really didn't know what I was going to do."

From the record before us, it is apparent that Leona Anderson May was a native of Waukesha, Wisconsin;

that she and Owen Anderson were married in the middle thirties and took up residence in Waukesha where they lived their entire married life; that their domicile and permanent home, freely chosen by both, was fixed in Waukesha up to December 26, 1946; that on December 26, 1946, Leona Anderson May left Waukesha with the three children and came directly to Lisbon, Ohio, where she established her domicile; that she brought the children to Lisbon with the knowledge and consent of the father to think over her domestic differences with her husband, and decide whether she would longer live with him; that on New Year's day she told her husband she was not coming back; and that the father thereupon requested the return of the children as he had stated to the mother that the matter of their custody "was up to the court"; that on January 6, 1947, Owen Anderson filed his action in Waukesha, Wisconsin, for divorce and custody of the children; that a divorce was granted to him on February 5, 1947, which decree was made in the absence of the mother and the children from the state of Wisconsin and without service or jurisdiction over them other than the substituted service in the divorce case.

The court awarded custody of the children to the father. The only service made on Leona Anderson May in the divorce case was through the sheriff of Columbiana county, Ohio, who served her with summons and a copy of the petition. No personal service of any nature was made upon Leona Anderson May in the state of Wisconsin. Neither she nor the children were in Wisconsin at the time the divorce petition was filed or until long after the decree of custody and divorce was granted. They at all times remained in Lisbon, Ohio. In February 1947, after the decree of divorce was granted, Owen Anderson came to Lisbon with a copy of the Waukesha county court order and

demanded and obtained the children from Mrs. May and took them with him back to Wisconsin.

Nothing happened during 1947, 1948, 1949, 1950, and the first half of 1951. The children remained with the father in Waukesha from 1947 until July 1951. On July 1, 1951, Owen Anderson brought the children to Columbiana county and permitted them to visit the mother for a limited period of time. The mother now refuses to surrender the children to the father, hence this proceeding.

When Mrs. May brought the children to Ohio in December 1946, it was understood between her and her husband that it was a temporary and conditional taking until she could make up her mind regarding their marital difficulties. He permitted her to take them on this basis and if she did not return to Wisconsin, then the court would determine the matter of custody. "The court" unquestionably meant the Waukesha County Court which was the only court having jurisdiction over them at the time of their discussions. She came to Ohio for a special and temporary purpose when she left Wisconsin. She was uncertain as to her ever coming back. Something occurred after she left which induced her to adopt Ohio as her permanent home.

Did the court of Waukesha county, Wisconsin, in the divorce proceeding on substituted service against the mother when both the mother and children were in Ohio, have power or control over the children?

Did the mother's change of domicile effect a change of domicile for the children?

The summons served in the divorce case amounted to constructive service or service by publication, although the sheriff of Columbiana county, Ohio, personally handed Mrs. May the summons and copy of the petition.

Sections 262.12 and 262.13 of the Wisconsin Statutes (1949) provide, in part, as follows:

Section 262.12 "When the summons cannot with due diligence be served within the state, the service of the summons may be made without the state or by publication upon a defendant when it appears from the verified complaint that he is a necessary or proper party to an action or special proceeding as provided in Rule 262.13, in any of the following cases:

"" * * *

"(5) When the action is for a divorce or for annulment of marriage."

Section 262.13 "" * * *

"(4) In the cases specified in Rule 262.12 the plaintiff may, at his option and in lieu of service by publication, cause to be delivered to any defendant personally without the state a copy of the summons and verified complaint or notice of object of action as the case may require, which delivery shall have the same effect as a completed publication and mailing."

Where were these children domiciled during the period of time between the filing of the divorce petition and the granting of the decree?

Two elements must concur to establish domicile— (1) residence and (2) intention of remaining.

The domicile of a minor child normally is that of the father. A minor cannot change his domicile. Was the removal of these three children from Waukesha, Wisconsin, under the circumstances, such as to effect a termination of their domicile with the father there in Wisconsin? We do not think so.

The mother brought them to Ohio on a temporary and conditional basis with the understanding that they should be returned if she decided to separate from her husband. She decided to separate, and it was then that the temporary permission ended. Until she said to him over the phone on New Year's day of 1947,

"Owen, I'm not coming back," she had not changed her domicile.

The children were domiciled in Wisconsin until December 26, 1946, where the Wisconsin court had exclusive jurisdiction and that court did not lose its jurisdiction by reason of their going with the mother who went to Ohio to meditate and decide her program of life for the future. Temporary absence of the children from Wisconsin could not change their legal settlement. The Wisconsin court did not lose jurisdiction while they were temporarily in Ohio.

While the facts in each of these cases are entirely different from those in the case before us, we believe the reasoning in the cases of *Cohen* v. *Judge*, 13 Ohio App., 449, 32 C. C. (N. S.), 457; *Keenan* v. *Keenan*, 5 N. P. (N. S.), 12, 17 O. D., 581; *Black* v. *Black*, 110 Ohio St., 392, 144 N. E., 268, supports our conclusions.

The children were in Ohio with their father's consent and permission. After that announcement on New Years day, "Owen, I'm not coming back," he demanded that she return the children, which demand was ignored. The children from that time forward were in Ohio against his will and without his permission. It was during that period of time that the divorce proceedings were commenced and concluded. The change of the domicile of the mother under these circumstances did not in any wise effect a change of the domicile of the children.

The court had no alternative but to order the release and its judgment on that order will be affirmed.

*Judgment affirmed.*

PHILLIPS and NICHOLS, JJ., concur in the judgment.

NICHOLS, J. I cannot concur in holding that the court of Waukesha County, Wisconsin, had jurisdiction

to award custody of the minor children of the parties to the divorce action, for the reason that such children were not within the jurisdiction of that court at the time the petition for divorce was filed or at the time the decree was rendered.

However, if I am right in my finding that the Waukesha County Court did not have jurisdiction, then this habeas corpus proceeding in Columbiana county was one solely to determine which of two parents having equal rights to children should be awarded custody thereof since the parents are not living together and cannot have joint custody and control thereof.

In this case, in the proceeding in Columbiana county, the court's judgment awarding custody to the father is entirely supported by the evidence and is for the best interests of the children.

I, therefore, concur in the judgment for the reasons stated.