THE STATE OF OHIO, APPELLANT, *v.* McCOY, APPELLEE.

(No. 606—Decided April 2, 1953.)

*Mr. William H. Harsha,* prosecuting attorney, and *Mr. J. B. Marshall,* for appellant.

*Mr. Edgar Hale,* for appellee.

COLLIER, J.   This is an appeal on questions of law from an order of the Common Pleas Court of Scioto County, releasing from custody the petitioner in a habeas corpus proceeding.   The case was submitted to the trial court upon an agreed statement of facts, which, briefly, are as follows:

The petitioner, William McCoy, was charged by affidavit in the Municipal Court of Portsmouth on June 11, 1952, with a violation of Section 6307-20, General Code, upon the highways of Scioto county, but outside the city limits of Portsmouth.   The petitioner objected to the jurisdiction of the Municipal Court over the subject matter for the reason that the alleged

crime was not committed within the territorial limits of such court.

The objection was overruled and the petitioner was tried, convicted, fined $50, and assessed the costs. In default of payment of the fine and costs, he was committed to the Scioto county jail. Thereupon he filed a petition for a writ of habeas corpus in the Common Pleas Court of Scioto County, which was allowed, and the petitioner was released from custody.

The state claims that the Municipal Court of Portsmouth has county-wide jurisdiction over violations of the Uniform Traffic Act, of which Section 6307-20, General Code, is a part. The petitioner contends that said court has no such jurisdiction, and, therefore, that the proper disposition of this case turns entirely on this one legal question.

Jurisdiction is defined as the authority to hear and determine a cause. If the Municipal Court has no such power, then the petitioner was unlawfully detained, and was properly released from custody under the writ of habeas corpus; if the Municipal Court possesses such power, the petitioner should have been remanded to custody.

The Municipal Court is a creature of statute, and, therefore, has only such powers as are conferred on it by the Legislature; it is a court of limited jurisdiction. Our Supreme Court, in the case of *State, ex rel. Talaba,* v. *Moreland, Judge,* 132 Ohio St., 71, 5 N. E. (2d), 159, held, as disclosed by the third paragraph of the syllabus:

"In the state of Ohio the jurisdiction of Municipal Courts is statutory."

The Municipal Court Act (Section 1598, General Code), expressly defines the county-wide criminal jurisdiction of the Portsmouth Municipal Court in this language:

"The court shall also have jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are now or may hereafter be within the county-wide jurisdiction of justices of the peace."

Since the Municipal Court has the same county-wide jurisdiction of crimes as justices of the peace, the question then arises, when does a justice of the peace have county-wide jurisdiction? The only statute granting such power of which we are aware is Section 13422-2, General Code, which reads, in part, as follows:

"A justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout the township in which he is elected, and where he resides, and county-wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured or any authorized representative of a state or federal department, in the event there is no other court of concurrent jurisdiction other than the Common Pleas Court, police court or mayor's court, and on view or on sworn complaint, to cause a person, charged as aforesaid, with the commission of a felony or misdemeanor, to be arrested and brought before himself * * *."

It will be observed that this statute grants only conditional powers to justices of the peace in county-wide matters. *State, ex rel. Micheel,* v. *Vamos,* 144 Ohio St., 628, 60 N. E. (2d), 305. In addition to granting these conditional powers, Section 13422-2, General Code, sets forth also 18 classes of offenses as to which a justice of the peace has special county-wide jurisdiction, but violations of the Uniform Traffic Act are not included; and the stipulated facts in this case are neither sufficient nor broad enough to come within the provisions of this statute granting conditional county-

wide jurisdiction. There is no stipulation in the record that the complaint was filed by any of the persons designated in this statute.

Sections 6296-1 to 6296-37, inclusive, General Code, known as the driver's license act, are separate statutes on a different subject and do not, as claimed by the respondent, apply to the facts in this case.

The apparent purpose of recent amendments of the statutes conferring jurisdiction on magistrate courts is to limit their powers in criminal cases. If the Legislature has gone too far in that respect, the remedy is in that body and not in the courts by judicial legislation.

Our conclusions are that the Municipal Court of Portsmouth has only such jurisdiction as is granted it by statute; that there is no statute in Ohio conferring county-wide jurisdiction on such court over violations of the Uniform Traffic Act, except under the conditions set forth in Section 13422-2, General Code; that no such conditions are shown to exist in the agreed statement of facts in this case; that such court was without jurisdiction in the criminal case and had no authority to hear and determine said cause, that, therefore, the petitioner was unlawfully committed to the county jail of Scioto county; and that the order and judgment of the trial court granting his release from custody is correct and should be affirmed.

*Judgment affirmed.*

GILLEN, P. J., and McCURDY, J., concur.