BOWMAN, APPELLEE, *v.* BOWMAN, APPELLANT.

(No. 4598—Decided February 8, 1956.)

Mr. Ray T. Bittles, for appellee.
Messrs. Myers, Myers & Myers, for appellant.

HUNSICKER, J. This is an appeal on questions of law.

The parties were husband and wife until April, 1947, when Stalma Bowman secured a divorce and custody of their only child. The divorce judgment awarded $9 a week for the support of the child, although no specific request for such support was prayed for in the petition.

George Bowman paid nothing on this support order, claiming that he did not know of the order, and further that Stalma Bowman had agreed that, if he did not contest the action for divorce as filed by her, she would not ask for nor expect him to support their child. George Bowman did, however, send presents of money, from time to time, to his daughter.

The child of the parties was born in Covington, Virginia, and, except for visits to Akron, Ohio, while her parents lived there, she resided almost continuously with her maternal grandparents.

In November, 1954, Stalma Bowman, who had remarried and who was then a resident of Virginia, filed a motion in the Common Pleas Court of Summit County, Ohio, for George Bowman to show cause why he should not be held in contempt of court for not obeying the court order of support. In this motion, Stalma Bowman asked "for judgment in the amount the defendant [George Bowman] is delinquent."

Thereafter, George Bowman filed a motion to modify the order of support, saying that: the court which made the order of support never acquired jurisdiction over the child; he has been deprived of his right of visitation of his child; Stalma Bowman has never had actual custody or control or furnished support for the child; the child is self-supporting; and the order of support should be modified "retroactively to the time when the court finds there was a change of circumstances relative to the child."

George Bowman also asked for a change of custody of the child of the parties, and that the custody of the child be given to him.

The trial court, after a hearing before the referee of the

Domestic Relations Division and a hearing before the trial judge personally, awarded a judgment to the appellee, Stalma Bowman, in the sum of $3,915, this being the amount found to be then due on the original order of support. The trial judge refused to make any retroactive modification of the order, and he did not make any change in the order of custody.

It is this judgment that is before this court for review.

An examination of the bill of exceptions shows that there was a great conflict in the evidence. The trial judge resolved such conflict in favor of Stalma Bowman, and hence, upon the issues as to the agreement not to seek support, the amount of past due support, change of custody, and retroactive modification of the order by reason of the claimed failure of Stalma Bowman to care for her child, this court cannot say that the judgment is against the manifest weight of the evidence or contrary to law.

The chief error complained of is that pertaining to a claimed lack of jurisdiction of the trial court (in the original divorce action) to make any order with respect to support and custody of the child of the parties, because the child resided outside the state. To this claim of error we direct our attention.

In general, when we use the word "jurisdiction" with reference to a tribunal organized pursuant to law and authorized thereby to adjudicate disputes, we mean the power by which such court is authorized to hear, determine and render final judgment in an action, and to enforce its judgment by legal process. *State* v. *McCoy*, 94 Ohio App., 165, 114 N. E. (2d), 624.

In the instant case, when originally heard, both parties were before the court. Stalma Bowman, by her petition filed in the action, chose the forum; and George Bowman, by reason of personal service of summons upon him, was brought before the court.

The trial court had power to exercise control over the person of the parties, because they were here, resident in this county, and lawfully summoned. The trial court had power to award support for and custody of minor children of the parties in divorce cases. Does the fact that a minor child of the parties lived outside the geographical limits of the court, when

the parents are lawfully before the court, cause that court to lose the power to exercise control over either the person of, or the support for, such child?

We do not have the question herein of the effect of the judgment of custody and support if sought to be enforced in a sister state. The extraterritorial effect of the order is not involved herein. This is not a foreign decree which is sought to be enforced. It was the court in Ohio that had jurisdiction of the parents which made the order here attacked, and it is the same court that now seeks to enforce that order. The parents were domiciled in this state when the order was made.

The Supreme Court of Ohio said, in *Bower* v. *Bower*, 90 Ohio St., 172, at page 174, 106 N. E., 969:

"Where a divorce is granted, or where alimony is allowed to the wife for her separate maintenance, it is the duty of the court to make such order for the disposition, care and maintenance of the minor children of such marriage, if any, as is just, regardless of whether such question is presented by the pleadings or not."

In the case of *State, for use of Sherwood,* v. *Sherwood,* 13 Ohio App., 403, the court said, at page 407:

"* * * A father owes to a minor child duties arising from its immaturity and its inability to care for itself. Those duties are prescribed by the most elementary principles of civilization as well as by law. Such a duty is sometimes spoken of as a 'natural duty.' * * * By the great weight of authority the obligation is not founded solely on the statute. * * * While criminal proceedings are often the most available mode for enforcing this duty, there exists an obligation independently of the criminal statutes * * *. The statute pursuant to which the court acted is a further means of securing to the child the performance by the father of the duty which the father owes, *regardless of where the minor child may happen to be.*" (Emphasis ours.)

The child of the parties was domiciled in Ohio, although physically outside Ohio, since the domicile of a child is that of its father. This is the common-law rule. In the instant case, both parents were domiciled in and resided in Akron, Summit County, Ohio. See: *Anderson* v. *May*, 91 Ohio App., 557, 107 N. E. (2d), 358 (reversed on other grounds, *May* v. *Anderson,*

345 U. S., 528, 97 L. Ed., 1221, 78 S. Ct., 840); *Yarborough* v. *Yarborough*, 290 U. S., 202, 78 L. Ed., 269, 54 S. Ct., 181.

The general rule with respect to an award of custody of a child outside the state is set out as follows in 9 A. L. R. (2d), 442:

"Where there is no outstanding judicial award of custody by a foreign court, the courts are unanimous in holding that even though the children may be physically without the state, power in the court exists to make an award of custody of children domiciled within the state."

See authorities there cited.

Certainly, where an award of custody is proper, an award of support would generally follow such award of custody.

An interesting case bearing on the domicile of a child, and the jurisdiction of a court to change the custody of a child physically outside the state, is found in *Ex parte Mullins,* 26 Wash. (2d), 419, 174 P. (2d), 790. The writer of this opinion, when sitting on the trial court, made the order of change of custody from a mother to a father domiciled in Ohio, the divorce having been granted after personal service in Summit County, Ohio. The Supreme Court of Washington upheld the right of the trial court in Ohio, which court had originally granted an order of custody, to change the custody from the mother to the father for disobedience of an order of temporary removal, even though the child was physically outside the state of Ohio.

Although there is not much authority in Ohio for the proposition that the physical presence of the child of the parties within the state is not necessary in order for the court to have jurisdiction to make an award for its support, where the parents of the child are before such court, other states have considered this problem. While there is a diversity of opinion, we believe the majority rule, as gained from these cases, is that, where the one against whom the order is made is before the court, after having been lawfully served with personal summons in the case, that court has the power to order such parent to support his child, even though the child is not physically present within the state where the award of support is made.

See: *Pieretti* v. *Pieretti,* 13 N. J. Misc., 98, 176 A., 589;

*Krasnow* v. *Krasnow,* 140 Conn., 254, 99 A. (2d), 104; *Ex parte Kolb,* 60 Cal. App., 198, at p. 200, 212 P., 645, at p. 646; *Dolgoff* v. *Dolgoff,* 81 Cal. (2d), 146, at p. 151, 183 P. (2d), 380, at p. 383; *Hatcher* v. *Hatcher,* 206 Okla., 271, 244 P. (2d), 580; *Woollett* v. *Woollett,* 57 N. M., 550, 260 P. (2d), 913; *James* v. *James,* 64 Fla. (2d), 534, 64 So. (2d), 534; *Beggs* v. *Beggs,* 208 Ga., 415, at p. 416, 67 S. E. (2d), 135, at p. 137; *Smith* v. *Smith,* 138 W. Va., 388, 76 S. E. (2d), 253; *State, ex rel. Stoffey,* v. *La Driere, Judge* (Mo. App.), 273 S. W. (2d), 776.

Some of the above cases consider only the question of custody; but we believe that a necessary part of custody of a minor child is the right to support for that minor, if the order of custody is in favor of the mother, the father of a child being primarily liable for support.

We therefore determine, in the instant case, that the trial court, at the time of the original hearing of the divorce matter, had jurisdicion to award custody and make an order of support for the minor child of the parties, notwithstanding such child was, during all times while the divorce action was pending and at the time of the hearing, physically outside the state of Ohio.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant.

The judgment is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.