# Richmond

KENNETH E. GRAMELSPACHER v. PHYLLIS J. GRAMELSPACHER.

January 20, 1964.

Record No. 5687.

Present, All the Justices.

The opinion states the case.

*Thomas L. Woodward*, for the appellant.

*J. Samuel Glasscock (Mills E. Godwin, Jr.; Lloyd W. Littell; Godwin & Godwin; Littell & Carey*, on brief), for the appellee.

EGGLESTON, C. J., delivered the opinion of the court.

Phyllis J. Gramelspacher filed her bill in the court below against her husband, Kenneth E. Gramelspacher, praying for a divorce *a vinculo* on the ground of desertion. She alleged that the defendant husband was domiciled in and had been an actual bona fide resident of this State for more than one year preceding the commencement of the suit and that without justification he had deserted her and their four children on July 25, 1959. While there was no specific prayer that she be awarded the custody of the children, she alleged that since the date of the desertion they had been living with her and prayed for an award of a sufficient amount for their support and maintenance as well as alimony for herself.

There was personal service of process on the defendant husband who appeared and filed an answer and cross-bill. He denied the wife's allegation of desertion and right to alimony, alleging that their separation had been caused by her acts of cruelty which were tantamount to desertion. He prayed that he be awarded a decree of divorce. While he alleged that he did "not object to supporting his children in a manner suitable to their station in life, reasonably within his means," he did not ask that their custody be awarded to him.

After the evidence had been heard partly on depositions and partly *ore tenus*, the lower court entered a decree awarding the wife a divorce *a vinculo*, custody of the children, support money for them, alimony for herself, and counsel fees. From this decree the defendant husband has appealed. The parties will be referred to as they appeared in the court below.

The defendant husband does not contest the validity of the decree insofar as it awarded the wife a divorce. Indeed, he concedes in his brief that the evidence was sufficient to support the decree in this respect. In his assignments of error he contends: (1) the lower court was without jurisdiction to enter a decree for the custody, maintenance and support of the infant children because, he says, at the time of the institution and prosecution of the suit the children were domiciled in and residents of the State of Indiana; (2) the lower

court erred in "refusing to respect an existing order" entered by a court of competent jurisdiction in the State of Mississippi with respect to the maintenance and support of the plaintiff wife and the children; (3) the amount of the award for alimony and for the maintenance and support of the children was excessive.

The parties were married at Lafayette, Indiana, in September, 1949. Of this marriage four children were born, now aged from five to twelve years. The couple own as tenants by the entireties a substantial residence at Jasper, Indiana, where the husband was employed by a corporation owned or controlled by his father. Later the family moved to Newton, Illinois, where the husband was similarly employed by a corporation in which his father was interested.

On July 25, 1959, the husband deserted his wife and children and moved to Waynesboro, Mississippi. In November of that year he was joined there by Norma Jean Cox of whom he had become enamoured. They have since lived together as husband and wife and have a son. In 1960 the defendant and Norma Jean Cox and their son moved to Nansemond county, Virginia, where they have since resided. He is employed as plant superintendent of a manufacturing concern in Suffolk. The present divorce suit was filed on February 8, 1962.

In the meantime the plaintiff wife has resided with her four children in the home which she and her husband own at Jasper, Indiana. The wife is not employed but receives a monthly drawing account of approximately $229 from certain businesses controlled by her father-in-law, Claude Gramelspacher. The father-in-law has been keeping up the payments on the mortgage, the repairs and taxes on the home in which the plaintiff wife and her children live.

The defendant husband testified that while he was living in Waynesboro, Mississippi, he was directed by an order of a "domestic relations court" of that State to contribute the sum of $150 per month for the support of his family at Jasper. However, the record in the present case contains no copy of that order nor are we further enlightened as to the precise nature of the proceedings and their present status.

During the trial of the present case the mother was accompanied by three of her children who came to Suffolk on the evening preceding the trial. They had not previously been in Virginia. The mother testified that it was her intention to return with these children to their home at Jasper immediately after the trial. The fourth and oldest child was at the time of the trial attending a school in Tennessee.

There is a conflict of authority as to whether it is essential to the court's jurisdiction to enter a decree for the custody of an infant child in a divorce action that the child be domiciled or present within the state. 17A Am. Jur., Divorce and Separation, § 811, p. 8 *ff.*; 27B C. J. S., Divorce, § 303-b, p. 427 *ff.*; Anno: 4 A. L. R. 2d 7; *Jackson* v. *Jackson*, 241 S. C. 1, 126 S. E. 2d 855, 860.

Some courts hold that a child must have a domicile within the state in order that a divorce court may gain jurisdiction to award custody. And this is so even though the defendant appears in the action and the child is brought into the courtroom at the hearing on the merits. 17A Am. Jur., Divorce and Separation, § 811, pp. 8, 9. This is upon the theory that a divorce action, as it relates to the custody of a minor child, is in the nature of an *in rem* proceeding and the court must have jurisdiction over the *res*, the child, before it can enter a valid order. *Coble* v. *Coble*, 229 N. C. 81, 47 S. E. 2d 798, 800. However, in that case it was said: "If both parents are in court and subject to its jurisdiction, an order may be entered, in proper instances, binding the parties and enforceable through its coercive jurisdiction." 47 S. E. 2d, at page 801.

In other states it is held that the court has the power to award custody of a minor child in a divorce proceeding if it has jurisdiction *in personam* of both parents. 17A Am. Jur., Divorce and Separation, § 811, p. 9; 27B C. J. S., Divorce, § 303-b, p. 428; Anno: 4 A. L. R. 2d, p. 30; *Smith* v. *Smith*, 138 W. Va. 388, 76 S. E. 2d 253, 263; *Anderson* v. *Anderson*, 74 W. Va. 124, 81 S. E. 706, 707; *Jackson* v. *Jackson, supra*, 126 S. E. 2d, at page 862; *Stephens* v. *Stephens*, 53 Idaho 427, 24 P. 2d 52, 55; *James* v. *James* (Fla.), 64 So. 2d 534, 536; *State* v. *Rhoades*, 29 Wash. 61, 69 P. 389, 391; *Bowman* v. *Bowman*, 101 Ohio App. 400, 139 N. E. 2d 679. From our investigation and consideration of the matter we deem this to be the better view. It is in accord with the weight of authority that insofar as the proceeding involves the custody of a child it is an action *in personam*. 27A C. J. S., Divorce, § 7, p. 24; 17 Am. Jur., Divorce and Separation, § 9, pp. 260, 261.

A decree in a divorce proceeding requiring the husband to contribute a stipulated amount for alimony or support for his wife and their children is, of course, a decree *in personam*. *Bailey* v. *Bailey*, 172 Va. 18, 21, 200 S. E. 622, 623.

In the present case, since the defendant husband was domiciled in and had been an actual bona fide resident of this State for at least

one year preceding the commencement of the suit, the lower court had jurisdiction under Code, §§ 20-97 and 20-98, to entertain the suit for divorce. 6 Mich. Jur., Divorce and Alimony, § 36, pp. 299, 300.

Code, § 20-107, as amended by Acts of 1954, ch. 234, p. 270, in effect at the time of the institution of this suit, provided:

"Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, and upon decreeing that neither party is entitled to a divorce the court may make such further decree as it shall deem expedient concerning the estate and the maintenance of the parties, or either of them, and the care, custody and maintenance of their minor children, and may determine with which of the parents the children or any of them shall remain, * * * ."

It will be observed that there is no limitation or requirement in this statute that the decree for the custody, maintenance and support of the minor children of the parties to the proceeding shall be operative only if the children are domiciled in or residents of this State or present at the trial. On the contrary, the statute vests in the court which has jurisdiction of the divorce proceeding wide discretion to provide for the "care, custody and maintenance" of the minor children as their welfare and best interests may require. *Allen v. Allen*, 188 Va. 717, 721, 51 S. E. 2d 207, 209. It specifically vests in that court the authority to "determine with which of the parents the children or any of them shall remain."

As has been said, in the present case the defendant husband was personally served with process, appeared, and filed an answer and cross-bill. Among the matters with which the court was concerned were the custody, maintenance and support of these children. In his deposition the husband testified that he was unwilling that his wife be given the custody of the children; that their custody should be awarded to him because he was in a better position than she to take care of them. On the other hand, the wife asked that the custody of the children be awarded to her and that the husband be required to supply her with the necessary funds for their maintenance and support. The lower lower court decided the issue of custody in favor of the wife and that finding is not questioned on this appeal.

So far as the record shows, not until the entry of the final decree awarding the custody of the children to the wife and requiring that the husband furnish the necessary means for their support did he

question the jurisdiction of the court to entertain the suit or to determine the custody, maintenance and support of the children.

We hold that since the lower court had jurisdiction of the proceeding involving the right of custody, and jurisdiction of the person of the parties thereto, the husband and the wife, it had the full power and authority to enter a personal decree, effective between the husband and wife, awarding the custody of the children to her, although the children were not at the time of the institution of the suit or entry of the decree domiciled in or residents of this State.

As was said of a similar situation in *Anderson* v. *Anderson, supra,* 81 S. E., at pages 707, 708, and repeated in *Smith* v. *Smith, supra,* 76 S. E. 2d, at page 264, "That the children may not have been within the jurisdiction of the court at the time of the institution of the suit or entry of the decree is immaterial, since the parties litigant were the father and mother and the cause of action, the right of custody, insofar as it affected the children, was between them, and the court had full jurisdiction over them with power to render a personal decree." To the same effect see *Jackson* v. *Jackson, supra,* 126 S. E. 2d, at page 862.

In his assignments of error the defendant husband says that the lower court erred in "refusing to respect an existing order for the maintenance and support of complainant and the infant children entered by a court of competent jurisdiction of the State of Mississippi, presently in full force and effect." In his brief he vaguely questions the "jurisdiction" of the Virginia court, in the face of that order, to enter a decree with respect to the custody, maintenance and support of the children.

In view of the state of the record before us we are unable to consider and pass upon this assignment of error. No copy of the order or of any of the proceedings in the Mississippi court was produced at the trial of this case. Thus we have no proof of the nature of the proceeding or of the present scope and effect of the order referred to. Consequently, it was impossible for the lower court in the present case, as it is for the appellate court, to consider what effect, if any, that order has upon the jurisdiction of the court in the present proceeding.

In the decree appealed from the lower court directed that the defendant husband pay to his wife for the support of herself and their four children "the sum of $350 per month together with other compensation in the aggregate amount of $229.41 now being

received by complainant from other sources alleged to be for the account of the defendant." Since there is evidence that the wife receives monthly the sum of $229.41 from corporations owned and operated by her father-in-law, we interpret the decree to require the husband to pay her, in addition thereto, the sum of $350 per month for the support of herself and the children. The briefs on both sides seem to adopt the same interpretation.

The defendant husband contends that this award requiring him to pay the sum of $350 per month was excessive, in view of his earnings, his other obligations, and the fact that his wife and children are living in the home at Jasper, Indiana.

The evidence shows that the husband has a present salary of $750 per month from his employer, Farmers, Incorporated. The joint income tax return filed by him and his wife for the year 1960 shows that he had received dividends amounting to $2,555 in addition to his salary. Similar returns for the years 1959 and 1957 show dividends of $2,300 and $2,210, respectively. Although the husband admitted that he had signed two of these returns, he denied that he was familiar with their contents or that he had received any of the dividends therein listed. He said that the returns were prepared by an accountant at the direction of his father. However, there is no evidence that he protested the accuracy of these returns which on their face made him liable for taxes in considerable amounts.

It is evident that the lower court accepted these tax returns as being substantially correct and rejected the defendant's evidence that he was unaware of and had not received the dividends therein listed. On the basis of the evidence presented the court had ample reason to conclude that the defendant had a substantial income in addition to his salary of $750 per month.

The defendant husband argues that his obligation should be reduced because his father is making substantial contributions for the benefit of his former wife and their children. However, such payments would not relieve the defendant of his obligation to his wife and children. *Hulcher* v. *Hulcher*, 177 Va. 12, 17, 18, 12 S. E. 2d 767, 769; *Hawkins* v. *Hawkins*, 187 Va. 595, 599, 47 S. E. 2d 436, 438. But even so, the terms of the decree show that the lower court has given the defendant credit for certain payments made by others for the support of his wife and children.

As we said in *Oliver* v. *Oliver*, 202 Va. 268, 271, 117 S. E. 2d 59, 62, "It is the legal and moral duty of a husband to support his wife

and family consistent with his financial ability, according to the station in life to which he has accustomed them to live. In fixing the amount of alimony and support money, there must be taken into consideration, along with all of the other circumstances of the particular case, the needs of the wife and children, their ages and physical condition, and the financial ability of the husband to pay."

Moreover, as we further pointed out in that case, "The trial court has a broad discretion in fixing the amount of alimony for the wife and support for the children, and the appellate court will not interfere with such discretion, unless it is clear that some injustice has been done." 202 Va., at page 272, 117 S. E. 2d, at page 62.

In the light of these well-settled principles we cannot say that the award of $350 per month for the support of the defendant's wife and their four children was excessive.

The decree appealed from is

*Affirmed.*