ALBERT GEORGE SCHAFER v. CAROLE ANN SCHAFER,
INDIVIDUALLY AND BY HER GUARDIAN AD LITEM,
ALYCE ANN WEIDEMAN.

144 N. W. (2d) 590.

August 12, 1966—No. 40,218.

*Nahurski & Cyptar* and *Casimir L. Cyptar,* for appellant.
*Stanley N. Thorup,* for respondent.

SHERAN, JUSTICE.

Appeal from two orders of the district court involving applications for temporary relief in a divorce action.

The parties to these proceedings, both of whom seek a divorce upon the grounds of cruel and inhuman treatment, were married on November 18, 1961. The husband was then 19 years of age; the wife, 16. They have one child.

In response to the wife's motion for temporary relief, the district court entered an order on September 20, 1965, granting her $15 a week for

support of the child, who is in her custody, but no alimony. An allowance for attorney's fees was made and the husband was directed to maintain hospital and medical insurance for the benefit of mother and child.

The wife, with substituted counsel, moved that the court's order be amended to award her alimony; an increase of support payments; exclusive use of the homestead; and additional attorney's fees. By order dated December 9, 1965, this motion was denied in all respects. Defendant appeals from both orders.

■ The appeal from the order of September 20, 1965, was timely.[1] Our review of it is limited by the rule that the trial court's discretion in this area is a broad one. Hempel v. Hempel, 225 Minn. 287, 30 N. W. (2d) 594.

■ If the order of September 20 is affirmed, the December 9 order must be affirmed also unless the record shows an intervening change of circumstances rendering the order refusing relief arbitrary and unreasonable.[2]

■ Having in mind that orders are temporary only (see, Minn. St. 518.14, 518.16, and 518.62) we affirm the decisions of the trial court. Appellant's forceful contention that her husband's obligations are not diminished merely because she may be the recipient of charity from others[3] is one which can be properly considered by the trial judge before final disposition of the case is made.

We have not undertaken to evaluate certain assertions of fact made by

---

[1] See, Minn. St. 605.08, subd. 1, and State ex rel. Kruse v. Webster, 231 Minn. 309, 43 N. W. (2d) 116.

[2] See, Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. (2d) 652. Compare Noll v. Noll (Mo. App.) 286 S. W. (2d) 58, with Rosenthal v. Rosenthal, 197 Cal. App. (2d) 289, 17 Cal. Rptr. 186; Schwartz v. Schwartz, 32 N. J. Super. 430, 108 A. (2d) 486; Fried v. Fried, 210 Ga. 457, 80 S. E. (2d) 796; and Colby v. Colby, 200 La. 321, 7 So. (2d) 924.

[3] See, Gramelspacher v. Gramelspacher, 204 Va. 839, 134 S. E. (2d) 285; Pegram v. Pegram, 310 Ky. 86, 219 S. W. (2d) 772; Vanderbilt v. Vanderbilt, 207 Misc. 291, 138 N. Y. S. (2d) 222; Harris v. Harris (La. App.) 127 So. (2d) 747; 27A C. J. S., Divorce, § 233(6). But see, Sawyer v. Sawyer, 224 Ky. 522, 6 S. W. (2d) 679; Rogers v. Rogers, 214 Mich. 516, 183 N. W. 30.

the parties in this court which were not presented to or considered by the trial judge.

No allowance is made for attorney's fees. The fact that the appeal was taken may be considered by the trial court in determining an allowance for attorney's fees when this matter is disposed of finally.

Affirmed.