[No. 1103-1.   Division One—Panel 1.   October 18, 1971.]

MARY BELLE PICKLER, *Respondent,* v. WILLIAM LAVERN PICKLER, *Petitioner.*

*Craig G. Davis,* for petitioner.

*Kingsbury, Livesey & Ludwigson* and *George Livesey, Jr.,* for respondent.

UTTER, J.—This is a divorce action in which a California court awarded custody of two children living with their father, a Washington resident, to their mother who was domiciled in California. The Whatcom County Superior Court found the California court had no personal jurisdiction over the father; however, the court ordered transfer of custody of the children to the mother in California. We granted certiorari to review the order to transfer custody.

The issue presented is whether a Washington court must recognize a foreign award of custody when one parent and the children in question are not physically within the jurisdiction awarding custody. We hold a foreign award of custody need not be recognized under the above circumstances.

William and Mary Pickler had four children when they separated in July, 1969. William and the two children whose custody is in question moved to Whatcom County, Washington where they have since resided. Mary Pickler filed for divorce in California March 13, 1970, and requested custody of all four children. William received copies of the summons and complaint by mail, but no personal service was made on him. A noncontested divorce action resulted in an interlocutory judgment which dissolved the marriage and awarded custody of all four children to Mary.

The Whatcom County Superior Court found William Pickler was not a resident of California at the time of the action, and the California court had no in personam jurisdiction over him. This action of the court has not been assigned as error by either party and must be accepted as binding in our consideration of this case. The action of the trial court disputed by petitioner is the finding that the California court, sitting as a court of equity, had inherent power to make provisions for custody of the children.

A proper determination of the exercise of jurisdiction in child custody cases involves three interests: the well-being of the child; the right of a parent to the care, custody, management and companionship of the child; and the concern of the state for the welfare of its citizens.

Restatement (Second), Conflict of Laws § 79 (1971). In Washington, the primary consideration must be the welfare and best interests of the child. *Barstad v. Barstad*, 74 Wn.2d 295, 444 P.2d 691 (1968); *Applegate v. Applegate*, 53 Wn.2d 635, 335 P.2d 595 (1959).

There have been three theories advanced for determining jurisdiction in child custody cases. The first is based on in personam jurisdiction over the child's parents. *Anderson v. Anderson*, 74 W. Va. 124, 126, 81 S.E. 706 (1914). The second theory regards custody as a question of status and gives jurisdiction to the courts of the child's domicile. *Brown v. Brown*, 105 Ariz. 273, 463 P.2d 71 (1969). The third theory gives jurisdiction to the courts of the state where the child is physically present, on the premise that the local court may best protect the child's interests. *Finlay v. Finlay*, 240 N.Y. 429, 148 N.E. 624, 40 A.L.R. 937 (1925). Some courts have adopted all three theories and find three concurrent bases of jurisdiction. *Sampsell v. Superior Court*, 32 Cal. 2d 763, 197 P.2d 739 (1948); Restatement (Second), Conflict of Laws § 79 (1971).

We, at this time, are not faced with the necessity of choosing between these approaches. Jurisdiction by the California court cannot be argued under any theory since there was no in personam jurisdiction over William Pickler, and the children were neither domiciled nor present in California at the time the decree was entered.

We, therefore, limit our holding to that required by *May v. Anderson*, 345 U.S. 528, 97 L. Ed. 1221, 73 S. Ct. 840 (1953). Where a parent was neither domiciled, resident nor present in California, the California court lacked jurisdiction as against Washington to deprive the absent parent of his personal right to the care, custody, management and companionship of his minor children.

Respondent's claim that California has jurisdiction by authority of California Civil Code § 138 (West 1954) is without merit. No state by legislation may project its powers and authority beyond its own borders. *Department of*

*Fin. Institutions v. General Finance Corp.*, 227 Ind. 373, 86 N.E.2d 444, 449, 10 A.L.R.2d 436 (1949).

The order of the lower court is set aside without prejudice to the parties to bring appropriate action concerning child custody in a proper forum.

HOROWITZ, C.J., and WILLIAMS, J., concur.