LLOYD ALLEN COGAR, JR.

*v.*

PAM FERN COGAR

(No. 14860)

Decided November 18, 1980.

*Cynthia Dettman* for appellant.

*Cooper, Martin & Van Nostrand and George M. Cooper* for appellee.

PER CURIAM:

In this appeal from a final order of the Circuit Court of Braxton County, the appellant, Pam Fern Cogar, challenges a decree which awarded her husband, Lloyd Al-

len Cogar, Jr., the appellee herein, custody of their infant child.

Until February 17, 1979, appellant and appellee resided in Braxton County, West Virginia, with Lloyd Allen Cogar, III, the only child born of their marriage; on that day the appellant took the child, then twenty-one months old, and traveled to Utah. She was residing there with the child on February 23, 1979, when the appellee filed a complaint in the Circuit Court of Braxton County seeking a divorce and custody of the child. An affidavit of nonresidency was filed, and service was had by publication. By order entered August 13, 1979, the circuit court granted a divorce to the appellee and awarded him custody of the child.

The appellee then persuaded the appellant to return with him to Braxton County. She and the child did return in October of 1979, but a brief attempt at reconciliation failed and appellant filed a petition to modify the divorce decree by awarding her custody of the child, together with reasonable amounts of child support and alimony. Among other things the petition contended the court lacked jurisdiction to make the initial custody decree. After a hearing on February 6, 1980, the court refused to grant the motion to modify, and ordered that custody remain with the appellee.

Appellant contends that because she was not personally served the court lacked jurisdiction to make its August 13, 1979, decree awarding custody to the appellee, and accordingly the decree was void in that respect. Appellant further contends that because the initial custody decree was void, the February 1980 hearing should have been conducted by the court as an initial hearing on the matter of custody, and thus the court erred by treating the matter as a change of custody proceeding and requiring the appellant to show the change would materially benefit the child. We agree with the appellant's contentions.

In a divorce proceeding where custody of a minor child is sought by both parties, and the party having custody

of the child resides in another state[1] and has not been personally served with process, a West Virginia circuit court lacks jurisdiction to award custody of the child. *Smith v. Smith*, 138 W.Va. 388, 76 S.E.2d 253 (1953); *Anderson v. Anderson*, 74 W.Va. 124, 81 S.E. 706 (1914);[2] *see, May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); *Morgan v. Morgan*, 542 S.W.2d 617 (Mo.App. 1976); *Montoya v. Collier*, 85 N.M. 356, 512 P.2d 684 (1973); *Pickler v. Pickler*, 5 Wash.App. 627, 489 P.2d 932 (1971); *McLam v. McLam*, 81 N.M. 37, 462 P.2d 622 (1969); *Gramelspacher v. Gramelspacher*, 204 Va. 839, 134 S.E.2d 285 (1964); Annot., 71 A.L.R.2d 1404 § 16 (1960).

Because process was served on appellant by publication only, the circuit court lacked the personal jurisdiction necessary to make the August 1979 decree awarding custody of the minor child to the appellee, and the decree was void in that regard. The court should have treated the February 1980 hearing as the initial hearing on the matter of child custody, and should have applied the appropriate standard of law. Instead, the court incorrectly treated the matter as a proceeding for change of custody and applied the standard set forth in *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1968), which requires a showing that a change of custody would result in a material benefit to the child. The application of the *Holstein* standard was incorrect, the decision was therefore clearly wrong, and for that reason the final judgment is reversed. *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975).

Because the February hearing did not involve a change of custody the lower court should have applied

---

[1] *See generally, Adams v. Bowens*, 159 W.Va. 882, 230 S.E.2d 481 (1976); *McClung v. Eaton*, 131 W.Va. 754, 50 S.E.2d 448 (1948). These cases deal with the effect of the child's domicile on jurisdiction, a question we do not address in the instant case.

[2] The case of *Dierkes v. Dierkes*, ____ W.Va. ____, 268 S.E.2d 142 (1980) held that the failure to comply with the mailing requirements of W.Va. R.C.P. 4(e) (1) deprives the court of jurisdiction to decree a divorce and will void an otherwise valid divorce decree. No such question is raised in this case.

the law set forth in Syllabus Point 2 of *J. B. v. A. B.*, 161 W.Va. 332, 242 S.E.2d 248 (1978):[3]

> In a divorce proceeding where custody of a child of tender years is sought by both the mother and the father, the Court must determine in the first instance whether the mother is a fit parent, and where the mother achieves the minimum, objective standard of behavior which qualifies her as a fit parent, the trial court must award the child to the mother.

After applying this standard to the evidence the trial court should have made findings of fact and conclusions of law on the issue of the appellant's fitness; this the trial court failed to do.

The final judgment denying appellant's motion to modify the August 13, 1979 decree is reversed, that decree is vacated insofar as it awarded custody to the appellee, and the case is remanded to the Circuit Court of Braxton County for proceedings consistent with these views.

*Reversed and remanded
with directions.*

---

[3] On February 28, 1980, the Legislature amended *W.Va. Code* 48-2-15 to state that in regard to custody of minor children in divorce proceedings "there shall be no legal presumption that, as between the natural parents, either the father or the mother should be awarded custody ...." The amendment took effect ninety days after its passage.