(No. 2846.    April 12, 1924.)

## PAYTON v. PAYTON.

### SYLLABUS BY THE COURT.

1. The res which the court "seizes" as a basis of jurisdiction in a divorce suit against a defaulting nonresident defendant, served only by publication, is the marital status of the plaintiff.

2. In a divorce suit against a defaulting nonresident defendant, served only by publication, the court is without jurisdiction to award the custody and provide for the maintenance of a child of the marriage, who is, and at all times since before the institution of the suit has been, in the custody of the defendant in another state.

Appeal from District Court, Harding County; Leib, Judge.

Suit by George W. Payton against Marian E. Payton. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions.

F. S. Merriau, of Raton, for appellant.

However inconsistent and erroneous this decree may be from a consideration of the facts in the case, a consideration of the law applicable to the case drives us unavoidably to the conclusion that the trial court had no jurisdiction whatever to award custody of the child to the defendant in this case.

We submit that it is the rule supported by almost unanimous authority that a trial court has no jurisdiction whatever to award the custody of a non-resident

child to a non-resident parent who has never submitted himself or herself to the jurisdiction of the court and upon whom substitute service has been had.    14 Cyc. page 408, par. 2; 19 C. J. page 367; Kline v. Kline, 10 N. W. 825; Cooley on Constitutional Limitations, citing Freeman on Judgments, paragraphs 584-588; De La Montanya v. De La Montanya, 44 Pac. 345.

## OPINION OF THE COURT.

BOTTS, J.    Suit for divorce by the husband, wherein he alleged and proved the marriage of the parties in this state and the subsequent abandonment by the wife.    Upon leaving the plaintiff, the wife went to the state of New York, taking with her a minor child, the only issue of the marriage.    Service was had by publication, and the wife at no time personally appeared, but both she and the child were outside of the state during all of the time material to the questions raised.    After hearing, the court granted the husband a divorce, but incorporated in the decree an order awarding the custody of the child to the mother, and requiring the plaintiff to pay the mother $25 a month for the support of the child.    The husband appeals, challenging the jurisdiction of the court to render so much of the decree as pertains to the custody and support of the child.

So far as we are advised, the authorities are uniform that the court was without jurisdiction to award custody of the child (Kline v. Kline, 57 Iowa, 386, 10 N. W. 825, 42 Am. Rep. 47; De La Montanya v. De La Montanya, 112 Cal. 101, 44 Pac. 345, 32 L. R. A. 82, 53 Am. St. Rep. 165; Thrift v. Thrift, 54 Mont. 463, 171 Pac. 272); but in a case where the facts were almost identical with those now before us (Kell v. Kell, 179 Iowa, 647, 161 N. W. 634) it was held that the court had jurisdiction to order the plaintiff to provide for the maintenance of the child.

The opinion in the Kell Case is bottomed on the proposition that the matter of the custody and support of children is incidental to the granting of a divorce, and that the state is interested in the care and training of the children, and the possibility that they may become burdens on the public.

[1] A suit for divorce such as this, where there is no personal service on or appearance by the nonresident wife, is, as has so often been said, purely an action in rem. The res which the court "seizes" as the basis of jurisdiction is the marital status of the plaintiff from which he is seeking to be relieved. This is on the theory that "Every state. has an undoubted right to determine the status, or domestic and social condition, of the persons domiciled within its territory." Strader v. Graham, 10 How. 82, 13 L. Ed. 337; Woodworth v. Spring, 4 Allen (Mass.) 321; Cooley's Const. Lim. (7th Ed.) 584; Ellison v. Martin, 53 Mo. 575; Brown on Jurisdiction (2d Ed.) § 76. Conversely, a state does not have the right to determine the status of a person domiciled in another state. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Woodworth v. Spring, supra. Technically, the res, i. e., the plaintiff's status, becomes the real and only defendant. De La Montanya v. De La Montanya, supra. The plaintiff has brought his status into the court of his domicile to the end that it may be changed from that of a married to that of an unmarried person. The only issue before the court was between the plaintiff and his status. Nothing could have been decided against the wife nor in her favor, because she never became an actual party to the suit. True, the plaintiff also has a status as father, but that relationship is not changed or sought to be changed by the divorce action.

[2] It may be that, loosely speaking, provision for the custody and support of children is an incident to a divorce in the same sense that alimony may be incidental, but it does not follow that the court in every case has jurisdiction of the one incident any more than of the other. Technically, such provision is not an incident of the divorce; but upon an adjudication whereby a permanent separation of the parents is legally effected, and a child of the marriage is deprived of the joint care and control of its parents, the state immediately, as parens patriæ, becomes interested in the welfare of such child to the end that it may receive proper training for citizenship and not become a public burden. But the state stands in the

relation of parens patriæ only with respect to such children as are within its borders. The state has no legal control over or interest in the children of another state, and can make no order through its courts with respect thereto, except, possibly, to adjudicate the equitable personal rights of the parents themselves, if both be before the court.

When a court adjudicates with reference to the custody and support of a child in the ordinary divorce case, where both parents are before the court and the child is within the jurisdiction, the right to so adjudicate may rest on either or both of two theories: (1) The interest of the state as parens patriæ; and (2) the personal rights of the parents with respect to the child as between themselves. In such a case it makes no difference upon which theory the jurisdiction is based, and, as a matter of fact, the court would probably not stop to consider which theory is adopted; but, when the child is beyond the jurisdiction, and therefore not a ward of the court or of the court's state, the first theory cannot be used as a basis of jurisdiction, and when, in addition to this, only one of the parents is before the court, no personal rights and liabilities can be adjudicated. That is the situation here.

The child not being within the state, the court was without jurisdiction to award custody or support money on the theory of guardianship, and the mother not being before the court, there was no jurisdiction to award personal relief to her. For these reasons we find ourselves unable to agree with the conclusions of the Iowa court in the Kell Case and those of the trial court. It follows that the cause should be reversed and remanded, with directions to modify the decree in accordance with this opinion; and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.