## Commonwealth ex rel. Josephine Lembeck *v.* Lembeck, Appellant.

*Habeas corpus—Parent and child—Custody of child—Commitment to institution of another state—Jurisdiction.*

An order of court committing a child to the care of a New York institution will be reversed. Such institution is not subject to the jurisdiction of the court making the order; it is not bound to comply with the order, nor if it undertakes so to do is it subject to the control or direction of the court with reference to the manner in which the appointment should be discharged. The authority of every tribunal is restricted by the territorial limits of the state in which it is established, and any attempt to exercise authority outside of those limits must be regarded as an illegal assumption of power.

The action of the court, in placing a child under the jurisdiction and subject to the laws of another state, and in the control of an institution not responsible to the court making the order or the laws of this Commonwealth, will be reversed.

Argued April 18, 1924. Appeal, No. 110, Oct. T., 1924, by respondent, from decree of C. P. Northampton Co., Nov. T., 1923, No. 132, in the case of Commonwealth ex rel. Josephine Lembeck v. Victor Earl Lembeck. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Habeas corpus to determine the custody of a minor child. Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

The court awarded the minor child to the care of the Mother Superior of the Blessed Sacrament Academy, Yonkers, N. Y. Respondent appealed.

306   COM. ex rel. J. LEMBECK *v.* LEMBECK, Appel.

Arguments—Opinion of the Court. [83 Pa. Superior Ct.

*Error assigned* was the decree of the court.

*James W. Fox,* of *Edw. J. & Jas. W. Fox,* for appellant.—It was error for the court to commit the child to a foreign institution: 36 Cyc. 829; Scott v. Noble, 72 Pa. 115; Reel v. Elder, 12 P. F. Smith 315; Colvin v. Reed, 5 P. F. Smith 375; Pennoyer v. Neff, 95 U. S. 714; Phelps et al. v. Brewer, 9 Cushing 390; D'Arcy v. Ketchum, 11 Howard 165; Bischoff v. Wethered, 9 Wall. 812; Rogers v. Burns, 27 Pa. 525.

*J. Willard Paff,* of *Smith, Paff & Laub,* for appellee.—The only consideration for the court is the best interest and welfare of the child, regardless of state lines: Com. ex rel. Sage v. Sage, 160 Pa. 399; Com. v. Barney, 4 Brewster 408; In re: Habeas Corpus, 9 Kulp 435; In re: Fitzpatrick, 9 Kulp 309; Com. ex rel. Lewis v. Williams, 9 Kulp 289; Heinemann's App., 96 Pa. 112; Herr v. Herr, 26 Pa. County Ct. 543; Com. ex rel. Witte v. Witte, 80 Pa. Superior Ct. 397; Com. ex rel Black v. Black, 79 Pa. Superior Ct. 409.

OPINION BY HENDERSON, J., July 2, 1924:

This is an appeal from an order of the court in a habeas corpus proceeding involving the custody of a minor daughter of the relator and the respondent. The father had possession of the child whereupon the mother procured this writ. The parents had not been living together for some time. They were married in the City of New York and lived afterward in New Jersey; later, the husband established a residence at Easton. In December, 1922, the relator came to Easton with the daughter to visit the respondent's mother; she went back to New York leaving the child with the husband's mother. The child was kept by the respondent's sister in New Jersey for a time; access to the child was denied the relator and the writ of habeas corpus was applied for. At the hearing, negotiations were had between the par-

COM. ex rel. J. LEMBECK *v.* LEMBECK, Appel. 307

305, (1924).] Opinion of the Court.

ties with reference to the custody of the child and a proper place for its care, and as may be inferred with the consent of the parents, on January 30, 1923, the court made an order awarding the custody and control of the child to the Sisters of the Holy Child at the St. Walburgas Academy, New York. The institution named having declined to accept her, the order of January 30th was revoked and custody awarded to the father, until further order of the court. On March 10, 1924, an order was made committing the child to the care of the Mother Superior of the Blessed Sacrament Academy, 23 Park Ave., Yonkers, N. Y., subject to the rules and regulations of the same. In making the order, the court doubtless had in view the fact that the parents were members of the catholic church and that the institution named was under the control of that church. The respondent has appealed from that order, the complaint being that the child has been committed to an institution not within the jurisdiction of the court and that therefore the order is unauthorized and legally inoperative. The order of commitment contains the following direction: "It is further ordered and directed that said minor shall not be removed from the Blessed Sacrament Academy except under the written order of this court under seal." It may be stated as a general proposition that no state can exercise jurisdiction by judicial process or otherwise over persons or property outside of its territorial limits. There are certain exceptions to this rule not relevant as applied to the case under consideration. Little discussion is necessary to show that the institution to which this child was committed is not subject to the jurisdiction of the court making the order. It is not bound to comply with the order, nor if it undertake so to do is it subject to the control or direction of the court with reference to the manner in which the appointment shall be exercised. The authority of every tribunal is restricted by the territorial limits of the state in which it is established and any attempt to exercise authority outside of those limits

must be regarded as an illegal assumption of power: Pennoyer v. Neff, 95 U. S. 714. The child in this instance is in a sense a ward of the court; she is within the State of Pennsylvania; she is entitled to the protection which the laws of this State give her, and while the order was doubtless made wholly in the interest of the child and with regard to her welfare, the action of the court, placing her under the jurisdiction and subject to the laws of another state and in the control of an institution not responsible to the court making the order or the laws of this Commonwealth, cannot be sustained. As no tribunal established by this State can extend its process beyond its own territory so as to subject persons to its decisions, the result of the order complained of is to place the child in an institution over whose management the committing court has no control, and to remit the contending parents to a foreign jurisdiction for the determination of a question lawfully submitted to a court of competent jurisdiction.

We are constrained therefore to reverse the decree of the court with a procedendo at the cost of the appellant.