317 P.2d 899

C. M. HINDS, Appellant,

v.

Salamon VELASQUEZ, Appellee, Marion Mead, Garnishee, Appellee.

No. 6252.

Supreme Court of New Mexico.

Nov. 6, 1957.

Leonard C. Jones, Espanola, for appellant.

F. L. Nohl, Albuquerque, for garnishee-appellee.

McGHEE, Justice.

The plaintiff in this case on March 11, 1953, was given judgment against the defendant for $655.37, with interest and costs. On July 19, 1954, execution was issued and placed in the hands of the sheriff for collection of the judgment. The sheriff did not find any property to levy upon, and, upon being advised the garnishee was indebted to the defendant, served written notice upon him in accordance with the statute under which the execution was issued, sec. 24–1–3, NMSA 1953, to not pay the indebtedness to the defendant, but to appear before the court out of which the execution issued and

make true answer under oath concerning such indebtedness.

More than thirty days after the service of the notice on the garnishee, the plaintiff took judgment against him for the full amount of the judgment, plus accrued interest and costs. Nine days thereafter, the garnishee answered, saying he owed the defendant the sum of $16.66. Nothing further was done in the case until April 4, 1956, when execution was issued against the garnishee. On September 19, 1956, the garnishee filed a motion for stay of execution. The motion was granted, and on December 27, 1956, an order was entered setting aside the judgment against the garnishee on the ground that it was void on the face of the record.

The judgment clearly shows it was granted because the garnishee failed to answer within the time required by law, and not upon a showing of actual indebtedness owing by the garnishee to the defendant.

The garnishee seeks to sustain the action of the trial court on three grounds which may be summarized as follows: First, that the part of sec. 24–1–3, NMSA 1953, allowing garnishment under an execution was repealed by our general garnishment statute, Chapter 63, Laws of 1909. Second, the statute here involved does not give the court jurisdiction to render judgment against the garnishee

for default. Third, that the part of the section allowing, in effect, a writ of garnishment to be signed by the sheriff is unconstitutional, in that all process of the court must be signed by the clerk of the court and attested with the court seal.

■ Disposing of the constitutional question first, we must say we can see nothing to support the contention. As stated in Perea v. Colorado National Bank, 6 N.M. 1, 27 P. 322, this notice is merely in aid of the execution in the hands of the sheriff, and has the effect of tying up any money the garnishee may owe the defendant. This statute has been on the books for more than one hundred years and has been constantly used without being questioned, so far as we are aware, and it is a little late to urge its unconstitutionality.

■ Neither are we impressed by the claim that the 1909 garnishment statute repealed the garnishment feature of the statute in question. A number of sections in former statutes are repealed, but this one was not mentioned. We see no inconsistency between the general garnishment statute and that part of 24–1–3 which is to be used in aid of execution.

Section 24–1–3 was taken from Missouri without, however, their provision that upon default of the garnishee, judgment could be rendered against him for the amount of the judgment due the plain-

tiff from the defendant. Section 17 of Chapter 63, Laws of 1909 (our general garnishment statute), does contain such a provision, and it seems the plaintiff in this case, who had garnisheed Mead under the provisions of sec. 24–1–3, turned to section 17 for his procedure and procured judgment based thereon.

As stated in the Perea case the statute is in derogation of the common law and must be strictly construed, and there being no provision, whatever, allowing a court to render judgment against a garnishee for more than could be recovered against him by the principal debtor, and none for judgment solely because of default, it follows the judgment rendered against the garnishee was void on the face of the record.

If one summoned as a garnishee fail to answer and disclose his indebtedness to a defendant, adequate remedies are available to a judgment creditor to compel a disclosure.

Other points are raised in the appeal, but they are without merit.

The judgment will be affirmed on condition the garnishee deposit the sum of $16.66 within 10 days with the clerk of this court for the benefit of the plaintiff.

It is so ordered.

LUJAN, C. J., SADLER and COMPTON, JJ., and GEORGE T. HARRIS, D. J., concur.