462 P.2d 622

**Maurice W. McLAM, Plaintiff-Appellee,**

**v.**

**Janice McLAM, Defendant-Appellant.**

**No. 8779.**

Supreme Court of New Mexico.

Nov. 3, 1969.

Privette & Privette, Las Cruces, for appellant.

Joe H. Galvan, Las Cruces, for appellee.

PER CURIAM.

Upon consideration of the motion for rehearing, the original opinion heretofore

filed is withdrawn and the following substituted therefor.

## OPINION

TACKETT, Justice.

A complaint for divorce *only* was filed by plaintiff-appellee Maurice W. McLam against defendant-appellant Janice McLam in the District Court of the Eighth Judicial District of the State of Idaho, in and for the County of Benewah, a copy of which was served personally on defendant in the State of Colorado. Subsequently, plaintiff filed an amended complaint and summons in the cause praying for a divorce, child custody and division of community property, a copy of which was handed to defendant's attorney. No personal service of the amended complaint and summons was had on defendant. Neither did defendant's attorney enter an appearance in the cause.

The Idaho court entered a decree on April 21, 1966, awarding plaintiff custody of the minor child Scott McLam, most of the community property and a divorce.

On September 26, 1967, plaintiff filed an application in the District Court of Dona Ana County, New Mexico, for a temporary restraining order seeking to restrain defendant from removing Scott McLam, the minor son, from the physical custody of the New Mexico Department of Public Welfare, and requesting that the Welfare Department turn over physical custody of the child to plaintiff. An order was entered granting the temporary restraining order and allowing the transfer of custody from the Department of Public Welfare to plaintiff.

On October 3, 1967, defendant filed an application for dissolution of the restraining order, permanent custody, and other relief. The application denied the efficacy of the decree of the Idaho court and prayed for permanent custody of the minor child, division of property and child support. After a hearing on October 6, 1967, the District Court for Dona Ana County, New Mexico, entered an order finding that the decree of the Idaho court was valid on its face and entitled to full faith and credit, and made the temporary restraining order permanent.

Defendant filed a motion to vacate the order and for a rehearing, which was heard on December 6, 1967. Defendant filed a motion for default judgment and another hearing was held on February 14, 1968. After that hearing, the District Court for Dona Ana County, New Mexico, entered another order on February 21, 1968, giving the decree of the Idaho court full faith and credit and denying defendant's motions. Thus, the appeal by the defendant.

■ The real issue involved in this case is whether or not the District Court in and for Dona Ana County, New Mexico, erred in finding that the final decree issued by the Idaho court was valid on its face and should be given full faith and credit by this court, and in refusing to admit extrinsic evidence to test the validity of the jurisdiction of the Idaho court.

■ This question was raised and discussed in the case of May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), wherein that court said:

"The question presented is whether, in a habeas corpus proceeding attacking the right of a mother to retain possession of her minor children, an Ohio court must give full faith and credit to a Wisconsin decree awarding custody of the children to their father when that decree is obtained by the father in an *ex parte* divorce action in a Wisconsin court which had no personal jurisdiction over the mother. * * * [O]ur answer is no."

With this we agree, as the Idaho court in the instant case did have jurisdiction of appellant for the purpose of dissolving the bonds of matrimony only. The amended complaint was served on appellant by publication, which did not give the Idaho court jurisdiction to determine child custody, since appellant and the minor child were not within Idaho at that time. Bush

v. Bush, 299 P.2d 155 (Okl.1956). See Kelley v. Kelley, 454 P.2d 85 (Nev.1969).

In Commonwealth ex rel. Graham v. Graham, 367 Pa. 553, 80 A.2d 829 (1951), it was held that:

"* * * The decree of a court of a state cannot operate extraterritorially, nor can a state exercise jurisdiction by judicial process or otherwise over persons or property outside its territorial limits. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; * * * Commonwealth ex rel. Lembeck v. Lembeck, * * * [83 Pa.Super. 305]."

See also, Duryea v. Duryea, 46 Idaho 512, 269 P. 987 (1928).

The Idaho court determined child custody, which is an in personam matter. This it cannot do, as it did not have jurisdiction over the person of appellant or the minor child. Payton v. Payton, 29 N.M. 618, 225 P. 576 (1924); Clemens v. Kinsley, 72 Idaho 251, 239 P.2d 266 (1951); Duryea v. Duryea, supra.

■ Appellee contends that handing the amended complaint to appellant's attorney was service on appellant. With this we cannot agree, as the attorney for appellant had never entered his appearance in the case.

In the case of Hand v. Hand, 131 Mont. 571, 312 P.2d 990 (1957), it was there stated:

"* * * As a general rule, constructive service is insufficient where the object of the action is to determine the personal rights and obligations of the defendant. 72 C.J.S. Process § 25, p. 1025, and citations. Whether or not provided by statute, proper notice to the adverse party and an opportunity to be heard are required. Leonard v. Hoppins, 121 Mont. 275, 191 P.2d 990. Generally, the rule or order to show cause should be served in person on the party charged. 17 C.J.S. Contempt § 79, p. 101; 13 C.J., Contempt, § 96, p. 70, note 70. The mere fact that a defendant has engaged an attorney to look after his interests, either generally or in a particular cause, does not amount to a voluntary general appearance, for the attorney may conclude that his client's interests will be better subserved by not appearing, or he may be engaged merely to enter a special appearance and contest the question of jurisdiction. Nor does the mere examination of the papers in the case filed in the clerk's office nor does a conversation with the plaintiff's counsel or the judge of the court about the case constitute an appearance. 3 Am.Jur., Appearances, § 10, p. 788. From the foregoing, it would appear without more that service in this matter must have been upon respondent personally."

A judgment from another state may be impeached for want of jurisdiction, collaterally as well as directly, and by extrinsic evidence. May v. Anderson, supra; Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 21 L.Ed. 897 (1873); and In re Hughes, 73 Ariz. 97, 237 P.2d 1009 (1951).

The trial court in and for the County of Dona Ana, New Mexico, should have allowed extrinsic evidence to test the jurisdiction of the Idaho court and, in not doing so, fell into error. Bush v. Bush, supra; 50 C.J.S. Judgments § 893c, at 502; 1 Beale Conflict of Laws, Jurisdiction of Courts, § 74.3 at 326; Commonwealth ex rel. Graham v. Graham, supra.

From what we have here said, it is unnecessary to consider the other points raised by appellant.

The case is reversed and remanded to the trial court with instructions to proceed in a manner consistent with this opinion.

It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.