512 P.2d 684

**Application of Julia Montoya for Letters of Guardianship of Noel Montoya and for a Writ of Habeas Corpus.**

**Julia MONTOYA, Appellant,**

v.

**Charles T. COLLIER, Appellee.**

**No. 9545.**

Supreme Court of New Mexico.

July 20, 1973.

Paul A. Phillips, Albuquerque, for appellant.

Menig, Sager & Curran, Albuquerque, for appellee.

## OPINION

STEPHENSON, Justice.

The issue presented by this appeal is whether the District Court of Bernalillo County has jurisdiction to determine the temporary custody and guardianship of Noel Montoya, a child about two years old.

Noel was the daughter of George Montoya and Cheryl Collier Montoya. On April 2, 1972, Cheryl took Noel and left the house of Julia Montoya ("Appellant"), George's mother, with whom she, George and Noel had been living, and went to the home of her parents. On April 4th, George Montoya went to Cheryl's parents' house, took Noel, and brought her to the Montoya home. Cheryl subsequently commenced an action for divorce in Bernalillo County District Court. An ex parte order giving temporary custody to her was ob-

tained and on April 5, 1972, she and Mr. Collier, her father, went to the Montoya home and obtained Noel from that house.

On April 6th, 1972, a tragedy which precipitated this proceeding occurred. George shot to death Cheryl, his mother-in-law, and himself. On the night after the funerals of Cheryl and her mother, Constance Carden, Cheryl's half-sister and Noel's aunt, took Noel to her residence in Texas, and Noel has been living there since that time.

Appellant is Noel's paternal grandmother. Her petition seeking temporary custody and guardianship of Noel, was filed several days later. An order, addressed to Mr. Collier, ("Appellee") the maternal grandfather, to show cause why temporary custody should not be awarded to appellant was issued. In his response, he took the position that the district court had no jurisdiction with respect to the custody of Noel.

Appellant's basic contention is that Noel is domiciled in New Mexico and therefore New Mexico has jurisdiction to determine her custody even though she is now living in Texas. Reliance is placed upon Evens v. Keller, 35 N.M. 659, 6 P.2d 200 (1931), a case in which the custodian of a child under a prior Colorado decree sought to have a New Mexico decree set aside on the basis that the Colorado decree was entitled to full faith and credit. This reliance is misplaced because our decision in that case was not based upon jurisdiction. Moreover, to the extent that case could be said to be instructive here, it is not helpful to appellant, for in holding that the Colorado decree was entitled to full faith and credit, we referred to the fact that not all claimants to custody were parties to the New Mexico proceeding. The same is true here.

We held in Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487 (1952) that New Mexico has jurisdiction in a habeas corpus proceeding to determine the custody of a child when the child is legally domiciled in another state, but physically present and actually residing in this state. The reverse factual setting is presented here. In Payton v. Payton, 29 N.M. 618, 225 P. 576 (1924) we held that in a New Mexico divorce proceeding brought by a husband against a non-resident wife who had custody of the child in another state, our courts had no jurisdiction to determine the custody of the child since both the child and the custodian were not physically present in the state. However, in Payton, the argument which appellant makes here, that jurisdiction can be based upon domicile alone, was not presented.

Restatement (Second) of Conflict of Laws, § 79 (1971) adopts the following approach to jurisdiction over custody and guardianship:

> "A state has power to exercise judicial jurisdiction to determine the custody, or to appoint a guardian, of the person of a child or adult
>
> (a) who is domiciled in the state, or
>
> (b) who is present in the state, or
>
> (c) who is neither domiciled nor present in the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state."

We will consider whether New Mexico has jurisdiction to determine the temporary custody and guardianship of Noel under any of the above theories.

We first consider whether Noel is domiciled in New Mexico. Generally, physical presence within a state and the intention to make it one's home are the requisites of establishing a domicile therein. 25 Am.Jur.2d Domicil §§ 20 and 24 (1966); Restatement (Second), supra, §§ 15, 16, and 18 (1971). See also, State v. Williams, 57 N.M. 588, 261 P.2d 131 (1953). Obviously, a small child cannot possess the requisite intent. Accordingly, varying rules have been developed to determine the domicile of minors in varying situations. See 25 Am.Jur.2d, supra, § 63 et seq.; Re-

statement (Second), supra, § 22. Comment i to Restatement (Second) § 22 concerns the special rule applicable in this case:

"i. *'Natural' guardian.* If both parents of a child are dead, or if the child is abandoned by both parents or by a surviving parent, and no guardian of the child's person is appointed, the child should acquire a domicil at the home of a grandparent or other person who stands *in loco parentis* to him and with whom he lives. To date, the cases have placed the child's domicil, in the circumstances dealt with here, at the home of a grandparent or other close relative. *Absent some compelling reason to the contrary, the child's domicil should be in the place to* which he is most closely related. The child should therefore have a domicil at the home of the person who stands *in loco parentis* to him and with whom he lives even though this person is not a blood relative." (Emphasis added.)

The so-called "natural guardianship" doctrine originally applied only to the grandparents of an orphaned infant. See 25 Am.Jur.2d, supra, § 72; Annot., 32 A.L.R. 2d 863 (1953). We think the Restatement view is sound, however, in placing the domicile of a child in the place to which he is most closely related, absent some compelling reason to the contrary, and proceed to determine whether Noel's aunt's home in Texas is her present domicile.

59 Am.Jur.2d Parent and Child § 88 (1971) states:

"A person is said to stand in loco parentis when he puts himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to a legal adoption. * * *

The relationship of in loco parentis is established only when the person intends to assume toward the child the status of parent. It has been said that when a person takes a child not his own into his custody as a member of his own family, this constitutes the clearest evidence of consent to stand in loco parentis."

 Noel is living with her aunt in Texas. Legal proceedings with respect to the custody of Noel have apparently been instituted by the aunt in Texas. The aunt has put herself in the situation of a lawful parent with the intention to assume the status of parent. Since she stands *in loco parentis* to Noel and Noel lives with her, we hold Noel's domicile is in Texas and that New Mexico has no jurisdiction with respect to her custody and guardianship under the domicile theory.

Neither can we find jurisdiction on the basis of Noel's physical presence within the state, since she is in Texas.

 We come now to the final theory which allows a state to exercise its jurisdiction notwithstanding the fact that a person is neither domiciled nor physically present within the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state. Both of the parties to this suit are personally subject to the jurisdiction of this state. However, appellee does not have physical custody of Noel nor is he claiming any right to her legal custody. The real dispute is between appellant and Noel's aunt in Texas, who is not personally subject to the jurisdiction of New Mexico for the purpose of determining custody and guardianship. Therefore, we can find no basis for jurisdiction under the third theory.

Moreover, even were we to assume jurisdiction in this case, it is doubtful that our decree would be entitled to full faith and credit since we do not have personal jurisdiction over the child or the aunt who has physical custody of the child. See May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); McLam v. McLam, 81 N.M. 37, 462 P.2d 622 (1969).

The action of the trial court is affirmed.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.