551 P.2d 981

**Alvina WORLAND, Petitioner-Appellee,**

v.

**Harold Eugene WORLAND, Respondent-Appellant.**

**Nos. 10432, 10499.**

Supreme Court of New Mexico.

June 22, 1976.

John W. Higgins, Albuquerque, for respondent-appellant.

Nordhaus, Moses & Dunn, Albuquerque, for petitioner-appellee.

## OPINION

MONTOYA, Justice.

This appeal arises from a divorce action filed in the District Court of Bernalillo County. The petitioner (wife) and the respondent (husband) were married in New Mexico in 1968. Later that year they moved to Oklahoma. They both attended Oklahoma City University. The husband graduated from the law school there and became a member of the Oklahoma bar. In August 1973, they moved back to New Mexico.

On February 28, 1975, he left their home taking all his personal possessions with him. On March 4, less than a week later, the wife filed her action for divorce, custody, child support, division of community property and attorney's fees. That same day, while she was away from home, the husband returned and took one of their daughters, Denise, and transported her with him to his mother's home in Colorado. The wife immediately moved the district court to issue an order to show cause why she should not have temporary custody of the child and to restrain the husband from removing the child from the jurisdiction of the court. The district court issued the order to show cause.

The husband was personally served with summons and copies of the petition, motion and order on March 5, in Denver, Colorado. On March 6, his local attorney, appearing specially, moved the district court to quash the service of process. The hearing on the order to show cause and the motion to quash was held on March 10. His attorney appeared specially at the hearing to dispute the jurisdiction of the court to adjudicate the custody of Denise Ann Worland. The district court, by order filed March 18, denied the motion to quash and granted the motion to place Denise in the temporary custody of the wife. On the basis of this temporary order, the wife moved for a writ of habeas corpus in the District Court in and for the City and County of Denver, Colorado, on March 20 to compel the husband to deliver Denise to her. The writ was issued and the matter was set for hearing. On April 10, the New Mexico district court entered its final decree granting the dissolution of marriage, awarding custody of both children, child support, attorney's fees, costs and travel expenses to the wife, dividing the community property, and restraining the husband from removing the children from Bernalillo County. On April 18, the Denver court quashed its writ of habeas corpus and refused to give full faith and credit to the temporary custody order on the basis that the New Mexico district court acted without jurisdiction. The husband appeals from the temporary and final decrees of the district court.

On appeal the husband contends that (1) the lower court was without jurisdiction to award either custody of Denise Ann Worland or attorney's fees to the wife, and (2) the relief granted in the default judgment should be set aside because it exceeds the relief prayed for in the petition.

■ A court of this State has jurisdiction to determine the custody of a child only if (1) the child is domiciled in this State, (2) the child is physically present in this State, or (3) the parties disputing custody are personally subject to the jurisdiction of the court. *Wallace v. Wallace*, 63 N.M. 414, 320 P.2d 1020 (1958); *Montoya v. Collier*, 85 N.M. 356, 512 P.2d 684 (1973).

■ The husband would have us reach the conclusion that the lower court was without jurisdiction, even before considering the foregoing grounds, on the basis of res judicata. He claims that the unappealed decision of the Colorado district court, that the New Mexico district court lacked jurisdiction, precludes us from deciding otherwise. In considering the doctrine of res judicata, we observe that the New Mexico district court entered its final decree on April 10, more than a week before the Colorado district court entered its decision. The New Mexico district court could not be precluded by a former adjudication if there was in fact no former adjudication.

■ Can the subject matter jurisdiction of the district court be predicated on the child being domiciled in this State at the time of the filing of the action? The domicile of a minor is the same as the domicile of the parent with whom he lives. Restatement (Second) of Conflict of Laws § 22(1) (1971). Denise is a minor who was less than two years old at the time of her removal to Colorado by her father. Therefore, since her removal from the family's home in Albuquerque her domicile has been that of her father.

■ The lower court concluded that the father's domicile at the time of the filing of the action and decree was New Mexico. The ultimate facts necessary to sustain a conclusion of domicile are (1) physical presence in the State at some time in the past, and (2) concurrent intention to make the State one's home. *Montoya v. Collier*, supra. The lower court found physical presence in the State, but it failed to find that the requisite intent existed.

" * * *. A judgment cannot be sustained on appeal unless the conclusion upon which it is based finds support in

the findings of fact. [Citations omitted.]"

*Goldie v. Yaker*, 78 N.M. 485, 488, 432 P. 2d 841, 844 (1967). Although the appellant did not precisely raise this defect in the judgment of the lower court, it is appropriate, where there is a question of subject matter jurisdiction, that we do so on our own motion. In *Heath v. Gray*, 58 N.M. 665, 671, 274 P.2d 620, 623 (1954), we said:

"It is true that the first point raised by appellant bases its jurisdictional attack on a slightly different basis from that upon which we dispose of the case. However, lack of jurisdiction in the trial court is a question which this Court is required to consider, even in the absence of its being raised by the parties. [Citations omitted.]"

Where the party has requested the appropriate findings the case will be remanded so that they may be entered. *Isaac v. Seguritan*, 66 N.M. 410, 349 P.2d 126 (1960). However, where the party has failed to request the appropriate findings of ultimate fact, as is the case here, they are waived, and the conclusion must fall. *Goldie v. Yaker*, supra. Accordingly, jurisdiction cannot be based on domicile.

 It is not contended that the child was physically present in this State, so we must look to the third possible jurisdictional ground. Were both the parties disputing custody personally subject to the jurisdiction of the court? The wife submitted herself to the jurisdiction of the court by filing the action, but the husband was not served with process within the State. She asserts that her husband was nevertheless susceptible to service outside the State under the long-arm statute and the divorce statute. The long-arm statute reads as follows:

"Personal service of process outside state. A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal

representative to the jurisdiction of the courts of this state as to any cause of action arising from:

" * * *.

"(5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 22, Article 7 NMSA 1953 if one party to the marital relationship continues to reside in the state.

" * * *."

Section 21–3–16, N.M.S.A., 1953 (Supp. 1975). The statute clearly gives the district court jurisdiction to grant the divorce, but it does not mention child custody. Is child custody implied as an incident of divorce? We think not.

 The legislature was at pains to enumerate certain elements of domestic disputes when it wrote the statute. It therefore stands to reason that it meant to exclude those elements not included. This court will not insert words in a statutory provision except where it is necessary to make the provision conform to the obvious intent of the legislature or to prevent its being absurd. *Moruzzi v. Federal Life & Casualty Co.*, 42 N.M. 35, 75 P.2d 320 (1938); *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966). There is no indication, much less a clear indication, that the legislature intended to allow service of process outside the State for the purpose of determining custody. Neither is the statute absurd if custody is not included in it. Some States provide for it and others do not. See Note, Long-Arm Jurisdiction in Alimony and Custody Cases, 73 Colum.L.Rev. 289 (1973). In addition, the rule at common law was that in personam jurisdiction could be had only be serving the person personally within the State. 1 J. Beale,

The Conflict of Laws § 79.1 (1935); see *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed 565 (1877). Therefore, the long-arm statute is a statute in derogation of the common law and must be strictly construed. *State v. Chavez*, 70 N.M. 289, 373 P.2d 533 (1962); *Hinds v. Velasquez*, 63 N.M. 282, 317 P.2d 899 (1957).

 Statutory authority is the exclusive means by which the courts may obtain personal jurisdiction of persons outside the State. That the requirements of the United States Constitution have been met is not enough. The courts cannot increase their jurisdiction on their own initiative. Only the legislature can confer on the courts the expansion of jurisdiction allowed by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See, e. g., Restatement (Second) of Conflict of Laws § 29, Comment c (1971); *Elliott v. Cabeen*, 224 F.Supp. 50 (D.Colo.1963); *Bomze v. Nardis Sportswear*, 165 F.2d 33 (2d Cir. 1948).

 The wife would also like to predicate personal jurisdiction over the husband on the divorce statute itself where it is said:

"Dissolution of marriage—Jurisdiction —Domicile.—The district court has jurisdiction to decree a dissolution of marriage when at the time of filing the petition either party has resided in this state for at least six [6] months immediately preceding the date of the filing and has a domicile in New Mexico. * * *"

Section *22–7–4*, N.M.S.A., 1953 (Supp. 1975). The requirements of this section were met in this case. The wife asserts that if the court had jurisdiction to award the divorce it also had jurisdiction to award custody as an incident of the divorce. She bases this contention on § 22– 7–6, N.M.S.A., 1953 (Supp.1975):

"Proceedings—Alimony—Support of children—Division of property.—A. In any proceeding for the dissolution of marriage, division of property, disposition of children or alimony, the court may make and enforce by attachment or otherwise an order to restrain the use or disposition of the property of either party, or for the control of the children, or to provide for the support of either party during the pendency of the proceeding, as in its discretion may seem just and proper. * * *.

"B. On final hearing, the court:

"* * *.

"(4) may make such an order for the guardianship, care, custody, maintenance and education of the minor children, * * * as may seem just and proper."

First, § *22–7–4* addresses subject matter jurisdiction and is not concerned with personal jurisdiction over an absent spouse. Second, it is clear from reading § *22–7–6* as a whole that the power of the court to make a final order of custody is predicated on the existence of a proceeding for the disposition of children. The section does not expand the court's jurisdiction established for one type of proceeding to the other types enumerated therein. It does not address the initial subject matter jurisdiction of the court to hear the types of proceedings enumerated in subsection A, but only determines the power of the court once jurisdiction is established. The divorce statute does not attempt to modify the grounds for subject matter jurisdiction to grant custody which were established in the *Wallace* and *Montoya* cases, supra. The wife's position on this point must be rejected.

Because none of the jurisdictional grounds necessary for the adjudication of custody were established, the trial court was without jurisdiction to determine the custody of Denise Ann Worland.

 The husband also challenges the trial court's jurisdiction to award attorney's fees to the wife. The lower court's judgment was as follows:

"IT IS FURTHER DETERMINED AND DECREED that the Respondent has willfully violated the order of this

Court and that Petitioner is hereby awarded judgment against Respondent for attorney's fees, costs and travel expenses in the amount of $3,838.85."

Although he objects only to attorney's fees, the objection is sufficient to raise the issues of costs and travel expenses because the three amounts were awarded as one lump sum.

■ The judgment for attorney's fees, costs, and travel expenses is a personal judgment against the husband. In order to enter such a judgment the trial court must have personal jurisdiction over the husband for that purpose. It is easily seen that none of these items are included in the long-arm statute, § 21–3–16, supra. Therefore, for the reasons discussed earlier on the issue of custody jurisdiction, personal jurisdiction to award attorney's fees, costs, and travel costs cannot be based on the long-arm statute. We know of no other basis, and the husband has asserted none. Consequently, the judgment as to attorney's fees, costs, and travel expenses is beyond the jurisdiction of the court and is null and void in that respect.

■ The final point raised by the husband concerns the following part of the lower court's decree:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petitioner be and she is hereby awarded as alimony from the Respondent the difference between the value of the community property which she receives herein and the value of the community property which the Respondent receives herein."

He contends that this amounts to an award of alimony which is improper because alimony was not demanded in the wife's petition. Civil Rule 54(c) [§ 21–1–1(54)(c), N.M.S.A., 1953 (Repl.Vol. 4, 1970)] requires that a judgment by default, such as here, not differ in kind or exceed in amount the relief requested in the petition.

The husband focuses on the words "as alimony." However, these descriptive words are not dispositive and cannot alter the essential nature of the decree. We will not exalt form over substance. In her petition the wife requested "that the community property of the parties be divided equitably between them." It is clear from the words of the decree that the lower court wished, in the event that the value of the community property awarded the husband exceeded that awarded the wife, that the discrepancy in favor of the husband be rectified. This certainly comes within the petitioner's prayer for an equitable division of the community property. The husband does not contend that the division of the community property was inequitable, or that the court was without jurisdiction to make a division of the community property or award alimony if the proper pleadings had been filed.

On the basis of the foregoing, those parts of the district court's decree which award custody of Denise Ann Worland, child support for Denise, and attorney's fees, costs, and travel expenses to the wife, and that part of the decree which restrains the husband from removing Denise from Bernalillo County without the approval of the court, are hereby vacated and set aside; otherwise, the remaining portions of the decree are affirmed.

The judgment is reversed in part and affirmed in part, and the cause is remanded to the district court for the entry of its decision and judgment in conformity with the views herein expressed.

IT IS SO ORDERED.

STEPHENSON and SOSA, JJ., concur.