577 P.2d 62

Rowland Charles W. BLESSLEY,
Petitioner-Appellant,

v.

Marilyn L. BLESSLEY,
Respondent-Appellee.

No. 11381.

Supreme Court of New Mexico.

April 10, 1978.

Burton F. Broxterman, Albuquerque, for petitioner-appellant.

Ben T. Traub, Albuquerque, for respondent-appellee.

## OPINION

SOSA, Justice.

The appellant, Rowland Blessley, brought suit in the district court of Bernalillo County on March 24, 1976, seeking a divorce

from his wife, Marilyn (appellee). He alleged incompatibility and asked for a division of the parties' community property. On April 28, 1976, the appellee filed an answer denying that a state of incompatibility existed, alleging poor health and asking that if the court granted a divorce to the appellant, that the appellee be allowed to receive alimony as well as an equitable division of the community property. The case proceeded to trial on December 22, 1976. On April 4, 1977, the court entered a decree of dissolution of marriage granting the appellant a divorce on the grounds of incompatibility and dividing the community property and debts. The court included a portion of the appellant's retirement income as community property and awarded the appellee a 9.26% interest in the retirement income. It also awarded the appellee temporary alimony in the sum of $500.00 per month for a period of 18 months. The court also directed the appellant to pay the appellee's attorney fees as well as costs incurred. The decision of the trial court is reversed in part and affirmed in part.

The primary issue presented for determination is whether it was error for the trial court to conclude as a matter of law that the appellant changed his domicile from Pennsylvania to California and then later to New Mexico.

The appellant's testimony indicated that he entered the military service from Pennsylvania, his domicile of origin. From 1945 until 1972, when appellant retired from military service, he was stationed in a variety of states and foreign countries under military orders. The appellant's military records indicate that at all times during his military career he consistently claimed to be a domiciliary of Pennsylvania. His testimony indicated that he neither voted nor paid state taxes in California or New Mexico during this entire time.

In 1962 the appellant was transferred to California where he purchased a house. The parties were married in 1967 and continued to live in this same house until 1970 when the appellant was transferred to New Mexico. While stationed in New Mexico

the parties lived on Kirtland Air Force Base until 30 days after his retirement in 1972.

The testimony of both parties indicates that they were at an impasse as to where to reside after the appellant's retirement, although six months later the couple purchased a home in Albuquerque.

It should be mentioned that, at all times during his military career, the appellant listed his parents' address as his permanent mailing address on his military records. This address was in Pennsylvania until his father retired and moved to California thereby changing the mailing address of the appellant.

In the case at bar the trial court concluded that the appellant "was domiciled in California from the date of marriage on until he moved to New Mexico, and thereafter in New Mexico until this time." We cannot agree.

■ "The ultimate facts necessary to sustain a conclusion of domicile are (1) physical presence in the State at some time in the past, and (2) concurrent intention to make the State one's home." *Worland v. Worland,* 89 N.M. 291, 293, 551 P.2d 981, 983 (1976); *Montoya v. Collier,* 85 N.M. 356, 512 P.2d 684 (1973). Specifically pertaining to armed forces personnel, the domicile of a soldier is not, in the absence of any intention to effect a change of domicile, affected or changed by reason of his entering the military. He does not, merely by reason of entry into the service, abandon or lose the domicile which he had when he entered, or acquire a new one at the place where he serves. 25 Am.Jur.2d *Domicil* § 39 (1966); *Allen v. Allen,* 52 N.M. 174, 194 P.2d 270 (1948).

It was stated in a California Court of Appeals case that:

[W]here a change of residence . . . is occasioned by the exercise of duties in the armed services, only clear and unambiguous evidence of an intention to abandon the old domicile and adopt a new one will be adequate to prove that change.

*Johnson v. Johnson,* 245 Cal.App.2d 40, 53 Cal.Rptr. 567, 570 (1966).

Although the act of purchasing a home in California is evidence which has a strong bearing on the question of his intention to abandon the domicile in Pennsylvania and to adopt domicile at the site of his newly acquired home, it is not necessarily conclusive. *Gardner v. Gardner,* 118 Utah 496, 222 P.2d 1055 (1950). Military personnel should be allowed to invest money in property where they are stationed without being forced to abandon their domicile.

The fact that the appellant allowed his permanent mailing address to change with the move made by his parents from Pennsylvania to California does not in itself conclusively establish that the appellant's domicile changed with this move. The mere fact that his parents moved and showed their intention to change their own domicile, shows nothing about the appellant's intention regarding domicile.

These facts coupled together do not clearly and unequivocally establish the appellant's intent to abandon his former domicile. Nor do they overcome the weight of the evidence established by his military records which expressly state that the appellant always considered Pennsylvania as his place of residence. Moreover, the fact that Pennsylvania did not require the appellant to pay taxes is all the more reason why he would not want to abandon that domicile. The findings not being sufficient to meet the clear and unequivocal standard necessary to uphold the conclusion that the appellant changed his domicile, it must therefore be reversed.

However, as to the other contentions urged by the appellant regarding the award of excessive alimony and attorney fees, this Court holds that there was substantial evidence to support those findings. *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970).

There being no other issue left to decide, the trial court is reversed and ordered to dispose of the property in a manner not inconsistent herewith.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.